## ROSALIE BORNE v. JAMES PORTER and others.

Where an injunction has been obtained to stay proceedings under writs of *fi. fa.* issued at the suit of different parties, the latter will be entitled to sever in their defence, though the sheriff may have levied on the same property to satisfy all the writs.

A District Court cannot arrest, by injunction, process issued from a Parish Court.

APPEAL from the District Court of Lafourche Interior, *M'Allister*, presiding.

*Boucherville*, for the appellant.

*Beatty* and *M. Taylor*, contra: The defendants were properly allowed to sever in their defence. Code of Practice, art. 570. 5 Mart. N. S. 87. The District Court had no authority to enjoin process issued from a Parish Court. Code of Practice, arts. 617, 629, 395, 397. *Oger* v. *Daunoy*, 7 Mart. N. S. 658.

BULLARD, J. The appellant, having sued out of the District Court, an injunction to stay proceedings on four writs of *fieri facias*, issued at the suit of different parties, and three of which were to enforce judgments rendered in the Parish Court, the defendants were permitted to sever in their defence, and the injunction having been dissolved, she has appealed.

We are of opinion the court did not err, in permitting the parties to sever in their defence. . There was no privity between them. Each had his separate judgment, which he was seeking to enforce, although the sheriff had levied on the same property in order to satisfy all the writs.

It is equally clear, that the District Court was without authority to arrest, by injunction, process issued from the Parish Court. This question was fully considered and decided in the case of

VOL. IV. 8

*Oger* v. *Daunoy*, 7 Mart. N. S. 656.   The present case does not present an exception to the general rule recognized in that.

*Judgment affirmed.*