No. 6904.

MARIETTA J. BROWN AND HUSBAND vs. J. N. BROWN, ADMINISTRATOR.

The parish court in which a succession has been opened, and which has thus acquired control of the property of the succession, has jurisdiction of a suit brought by the heirs of the succession to enjoin and prohibit the nominal administrator of the succession from acting as such, and from executing a certain judgment obtained by him, as administrator, in the district court.

The object of such a suit is not to enjoin the judgment of the district court, but merely to prevent an alleged unauthorized person from executing it. In a suit like this the dissolution of the injunction might work irreparable injury to the plaintiffs, and other heirs and creditors of the succession, and hence, if properly issued, should not be dissolved on the bond of the defendant; more especially, when the amount of that bond is too small to protect the property of the succession from spoliation and waste.

Where it appears that the petition for an appeal from a decree of court rendered in chambers was filed in open court, on the same day, and immediately after the decree was rendered, and in the presence of the counsel of plaintiff and defendant, it will be held that the appellee was sufficiently cited.

APPEAL from the Parish Court of Red River parish.   *Broughton,* J.

*Joseph H. Pierson* and *L. B. Watkins* for plaintiffs and appellants.

*J. F. Pierson* and *W. H. Jack* for defendants.

The opinion of the court was delivered by

EGAN, J.   This appeal is from an order dissolving, on the bond of the defendant, under article 307 of the Code of Practice, an injunction sued

out of the parish court of Red River to restrain and prohibit the defendant from acting as administrator of the successions of the father and mother of the plaintiff, and especially from proceeding, as he was about to do, to execute a judgment of the district court for that parish, obtained by the said defendant, in said capacity, *against a sister* of petitioner, in a suit for the recovery of a valuable tract of land and several thousand dollars rents. The merits of the injunction suit or the propriety of the issuance of the injunction are not before us in this appeal. That its character may be further understood, however, as bearing upon the present appeal, it is sufficient to state that it is alleged among other things that the plaintiff and others interested had brought suit in the parish court from which the injunction was obtained against the same defendant, who was acting as administrator of said successions, to have him decreed not to be the lawful administrator thereof, because there was no order appointing, no advertisement of his application, no commission issued to him, and because he had not taken the oath of office, had not had a proper inventory taken, having only had inventoried a very small property, two or three hundred dollars in amount, and had given a bond of only $400, whereas, by his own judicial and other allegations and admissions, the property of the successions which he sought to control was and is worth between fifteen and twenty thousand dollars, and yields a large revenue; all of which, if unrestrained by injunction, would fall into his hands and be possessed and controlled by him, especially through the instrumentality and execution at his instance of the before mentioned judgment of the district court of Red River; all to the great and irreparable injury of the plaintiff and other heirs and parties interested. Besides the insufficiency of bond and other matters stated, it is further alleged that the defendant is insolvent. This injunction proceeding seems to have been sued out in aid of the suit for amotion or destitution as it is called by the plaintiff, if such it can be styled, and the prayer is that the defendant be restrained especially from attempting to control and execute the before mentioned judgment of the district court, and thus possess himself of so large an amount of property of the successions until he shall cause himself to be regularly appointed administrator, and give bond in accordance with law sufficient to cover the true value of the property.

The petition is somewhat inartificially drawn, and the particular act sought to be restrained by the injunction is the provoking by the defendant of the execution of a judgment of the district court *not against the* plaintiff, but another person, and his thereby obtaining possession and control of largely valuable assets and property of the successions. It is urged that the parish court was without jurisdiction to enjoin the execution of a judgment of the district court, and that, without passing

upon the merits of the present appeal, we should so adjudge. The proposition would be correct if the validity of the judgment itself or its execution were attacked; but such we do not understand to be the case here. It is the right and power of one whose authority is denied to contest and order the execution of the judgment as an act of administration of a succession of which he is not administrator; and the existence and attempted execution of the judgment are only alleged as they affect and bear upon the attempt of an unauthorized person to control and possess himself by that means and through that instrumentality of property of the succession, to the danger and apprehended detriment of the heirs and other parties in interest. The real object of the injunction was then to protect the property of a succession of which the parish court had jurisdiction from the unauthorized control and possession of one who claimed to administer it. by virtue of authority derived from the same court, and while a proceeding was actually pending in the same court which issued the injunction to test his right to do so, or to make him take the oath, give the bond, and have the inventory taken, as required by law. To this real purpose the allegation as to the judgment and execution was merely subsidiary and incidental, and seems only to have been made as would have been the allegation of any other act or fact not involving the judgment of any court through which danger to the succession and heirs was apprehended. For this purpose, and with this view, and to this extent, the parish court had jurisdiction as a necessary incident to its power to appoint and remove administrators, and to control the administration of succession property; not to stay the execution of a judgment of the district court, for that we do not think has been attempted here, but to control and prevent the defendant, who claimed to act by its authority, from attempting to do this particular act of administration until he had first qualified himself and given proper and sufficient bond. Was this, then, a proper case for the dissolution of the injunction on the bond of the defendant? We think it was not. If the injunction were properly issued and maintainable at all, a matter not now before us, the grounds upon which it was sued out were such that its dissolution on the mere bond of the defendant in favor of the plaintiff would work irreparable injury in the sense and meaning of the law not merely to the plaintiff, one of the heirs, but to the other heirs and creditors, and to the succession itself, none of whom, except the plaintiff, are in any manner protected by the bond given in favor of the plaintiff. Again, according to the allegations of the petition, which for the purposes of this case are taken as true, the amount of bond required, $1250, is wholly inadequate to protect against spoliation and waste property to so large an amount as that alleged by the plaintiff.

Brown vs. Brown.

The appeal was then rightfully taken, not only because it was not a proper case for dissolution on bond but also because the bond required was too small. To take any other view would be to avoid all the provisions of the law in regard to the character and amount of bond and other prerequisites to the rightful administration of estates. Any one might otherwise first apply for the administration of a succession, and then when restrained from acts of administration might proceed to administer without complying with the law in any respect by simply giving a bond to dissolve the restraining order, the effect of which would be to evade the law and enable him to deal illegally with the estate and its property.

We are asked to dismiss this appeal for want of citation to the appellee. It appears from the entries in the record that, to use its own language, "the court met in chambers on the twelfth of December, 1877, at the courthouse, in the town of Coushatta, that the defendant moved the court to 'suspend' the injunction on his giving bond, that it was so ordered, that all the papers and proceedings in the suit were filed in evidence, and immediately following that '*petition for appeals, suspensive and devolutive,* (were) *filed in open* court,' and the usual orders thereon granted, all on the same day and at the same time, and that thereupon the court adjourned *sine die*." The judge thereupon signed officially and certified to all of the foregoing facts. The petition for appeal is then given, and then the order of appeal, which ends in these words: "Done, read, and signed during the chambers trial of said proceeding herein, on this twelfth of December, 1877. A Ben Broughton, Parish Judge of Red River parish, La."

While the manner of proceeding seems to have been somewhat anomalous, we think it sufficiently appears that all the steps taken, including the appeal, were had contradictorily with each other, and in the presence of both counsel for plaintiff and defendant, and under the peculiar circumstances of this case that the motion to dismiss the appeal for want of citation should be and it is overruled; and on the merits

For the reasons assigned, it is ordered, adjudged, and decreed that the order dissolving the injunction sued out in this case upon the bond of the defendant be and it is amended, and the injunction reinstated. It is further ordered that the defendant, J. N. Brown, pay the costs of this appeal and of the proceedings in the court below upon his application to release the injunction on bond.

---

### DISSENTING OPINION.

MARR, J. I do not concur in the opinion and decree just pronounced. J. N. Brown, as administrator of the successions of his father

and mother, recovered judgment in the district court of Red River parish against his sister Elizabeth, declaring to be simulated the title by which she held certain real property, and decreeing the same to belong to the successions; and in the same judgment she was condemned to pay $3000 for rents and revenues.

Soon after this judgment was rendered, Marietta J. Brown, a sister and co-heir of the parties to that suit, authorized by her husband, filed a petition in the parish court of Red River, setting out various causes of injunction; and concluding with a prayer that J. N. Brown be enjoined from procuring or causing to issue "any writ of possession or execution under said judgment, and from taking possession of said property, or of its revenues, under or by virtue of said writ, until he causes himself to be regularly appointed, and gives bond for one fourth over and above the proved value of the said successions."

The general rule is that the court which rendered the judgment has exclusive authority to execute it or to arrest the execution. Code of Practice, arts. 617, 629; Olger vs. Daunoy, 7 N. S. 658; Borne vs. Porter, 4 Rob. 57; Nolan vs. Babin, 12 Rob. 533; Donnell vs. Parrott, 13 An. 252.

To this rule there is this exception, founded in necessity and recognized by jurisprudence: When a judgment has been rendered in one parish, and execution issues to another, the competent court of the parish in which it is to be executed may enjoin. Cavelier vs. Turnbull, 8 Mart. 61; Lawes vs. Chinn, 4 N. S. 390; Hobgood vs. Brown, 2 An. 323; Police Jury vs. Michel, 4 An. 84.

I can not consider the injunction asked for and granted in this case as any thing but an interference with the authority and jurisdiction of the district court, by arresting, prohibiting, the execution of a judgment rendered by that court; and in violation of the Code of Practice, arts. 617, 629, and of the jurisprudence established by the decisions just referred to, from 8 Martin, in 1820, down to 13 An., in 1858, and not since questioned by bench or bar, so far as I am informed.

The parish court had exclusive jurisdiction to appoint Brown administrator, and to remove him; and to compel him to have a proper inventory taken and to give the security required by law. It was the right of the plaintiff, as one of the heirs of her father and mother, to take such proceedings in the parish court as might be necessary to protect her interests, either for the removal of the administrator or to compel him to have a proper inventory taken, or to give bond and qualify according to law; and she might, at the same time, have gone into the district court and obtained an injunction staying the execution of the judgment of that court pending the proceedings in the parish court. The pendency of these proceedings in the parish court, which is vested with exclusive jurisdiction of such matters, would have been ample cause for

the injunction by the district court of the execution of its own judgment in favor of Brown in his capacity as administrator. I do not think the parish court had any power or jurisdiction to grant the injunction. I can not imagine any necessity for a resort to that tribunal, since the jurisdiction of the district court was complete, and, in my opinion, exclusive, to suspend the execution of its own judgment, for the alleged causes, although it had no power to deal with the causes themselves, otherwise than by refusing to proceed until these causes were passed upon and disposed of by the court having exclusive jurisdiction of them.

I think the parish court was absolutely without jurisdiction; that the entire proceeding in that court was *coram non judice* and void; and that we should so declare by our decree.