PHANOR PRUDHOMME *v.* ALFRED K. EDENS, Administrator of the Succession of Melanie Louis Perot.

The true meaning of the first section of the act of 22d March, 1843, chap. 64, is, that if, at the same term at which a judgment has been rendered, an appeal be moved for in open court, no citation of appeal, or other notice to the appellee shall be necessary, he being considered to be in court during the term, and bound to take notice of what passes ; but where an appeal is applied for after the term, the usual citation must be served on the appellee.

Where an appeal is applied for after the term of the court at which judgment was rendered, it should be by petition, as required by art. 573 of the Code of Practice,

and not by motion. But where an appeal has been allowed, under such circumstances, on motion, and citation has been duly served, and the other requisites complied with, it will not be dismissed for such irregularity.

The husband being the head and master of the community, all contracts entered into during the marriage, must be considered as made by him, and for his advantage, whether made in his own name, or in the names of both husband and wife. C. C. 2371, 2372, 2373. This presumption can only be destroyed by positive proof that the consideration of the contract enured to the separate advantage of the wife. The acknowledgment made by the wife in the instrument itself, cannot avail the creditor.

APPEAL from the Probate Court of Natchitoches, *Greneaux*, J.

*Sherburne* and *J. B. Smith*, for the plaintiff. The acknowledgment in the note relieved the plaintiff from the burthen of proving that the wife was benefitted by the contract. *Rawle* v. *Skipwith and wife*, 8 Mart. N. S. 414, 421.

*Rothrock*, for the appellant. The obligation was not binding on the deceased, having been contracted under circumstances prohibited by law. Civil Code, art. 2412. *Durnford* v. *Gross and wife*, 7 Mart. N. S. 465. *Banks* v. *Trudeau*, 2 Ib. N. S. 39. *Brandegee* v. *Kerr and wife*, 7 Ib. N. S. 64. *Gasquet et al.* v. *Dimitry*, 9 La. 585. *Davidson* v. *Stuart et al.*, 10 La. 146. The case of *Rawle* v. *Skipwith and wife*, cited by the plaintiff's counsel, is different from the one before the court. The *onus probandi* that the debt enured to the benefit of the wife, was on the plaintiff. 3 La. 74.

MORPHY, J. The plaintiff seeks to recover a judgment against the succession of the late Melanie Louis Perot, on a note drawn by her, *in solido*, with her husband, Louis S. Perot, to the order of the plaintiff, in which note she acknowledged that the consideration for which it was given enured to her own separate and individual advantage and benefit. The defence set up by the administrator was, that the estate was not liable for this note, and he denied, that the sum for which it was given was applied to the use, or was at all beneficial to the deceased ; averring that her husband was alone benefited by the contract. There was a judgment below against the estate, from which the administrator took this appeal, which is a devolutive one.

The appellee moves for its dismissal on two grounds, to wit :

1st. That the application for the appeal and the order of court

granting it, were not in accordance with the law of the 22d of March, 1843, relative to appeals and notices of judgments, the same having been made several terms after that at which the judgment was rendered.

2d. That the record exhibits three distinct and separate judgments, to wit: one on the note sued on, one on a rule to set aside a suspensive appeal taken from said judgment, and one ordering the administrator to file a brief statement of the condition of M. L. Perot's succession : and that it does not appear from which of these three judgments the appeal has been taken.

I. The law of 1843, referred to provides, that " the party intending to appeal may do so either by petition, or by motion in open court, at the same term at which the judgment was rendered, in which last case, the Judge shall fix the amount of security and cause the same, with the order granting the appeal, to be entered upon the minutes of the court : and when an appeal has been granted on motion in open court, no citation of appeal, or other notice to the appellee shall be necessary." The true meaning and purport of this law we believe to be, that if, at the same term of the court at which a judgment is rendered, an appeal is prayed for, by motion in open court, no citation of appeal, or other notice to the appellee shall be necessary, because he is considered to be in court during the term, and is bound to take notice of what passes in it ; but, that after the term, the usual citation must be served upon him. In the present case, the Judge might have perhaps refused to grant an appeal on motion, at a subsequent term of the court, and might have required the filing of a petition as provided by art. 573 of the Code of Practice ; but the appeal having been granted on an application made in that form, and a citation having been served on the appellee, and the other material requisites having been complied with, we do not think the form of the application a sufficient ground to dismiss the appeal allowed in this case. A motion in open court, is an oral petition to the court, which becomes a written one, when spread upon the minutes ; and the appellee has had all the advantages he would have been entitled to, had an ordinary petition of appeal been filed.

II. On the second point, we think it sufficiently appears from

the record, that the appeal was taken from the main judgment in the suit, to wit, that on the note sued upon. Having failed to obtain a suspensive appeal, the defendant took a devolutive one, which enabled the plaintiff to obtain, as he did, a decree ordering the defendant to file a brief statement of his condition as administrator of the estate of Melanie L. Perot.

On the merits, we think that article 2412 of the Civil Code is decisive of this case. It is said, however, that before a wife can avoid an obligation contracted for, or conjointly with her husband, it must be made to appear that the debt *was contracted* by him, and that the *onus probandi* rests on her, that in point of fact, she signed only as surety of her husband. The reverse of this proposition, we believe, to be the law. The husband, being the head and master of the community, all contracts entered into during the marriage must be considered as made by him, and for his advantage, whether they be made in his own name, or in the names of both the husband and the wife. Civil Code, arts. 2371, 2372, 2373. This presumption can be destroyed only by positive proof, that the consideration of the contract enured to the separate benefit and advantage of the wife. In this case, no evidence whatever has been offered to establish this fact, although the pleadings expressly put the plaintiff upon the proof thereof. It is clear, that the acknowledgment made by the wife in the instrument itself, cannot avail the plaintiff; if it could, the protection which the law gives to married women would be nugatory; as good care would be taken, to make them subscribe to declarations of this kind in every contract they may join in under the influence of marital power.

It is, therefore, ordered, that the judgment of the Court of Probates of the Parish of Natchitoches be reversed, and that ours be for the defendant, with costs in both courts.