## DE ST. AVID v. PICHOT.

An appeal applied for by motion at a term succeeding that at which the judgment was rendered, will not be dismissed on the ground that the application should have been by petition in the ordinary form, and not by motion; but in such a case the appellee must be duly cited. Citation is only dispensed with when the motion; is made at the term at which the judgment was rendered, the opposite party being, by a fiction of law, considered as then in court. Stats. 20 March, 1839, s. 19. 22 March, 1843, s. 1.

Where an appeal is obtained on motion at a term subsequent to that at which judgment was rendered, and the appellant neglects to direct the clerk to issue a citation, and none is issued, the omission must be considered as imputable to the appellant and not to the clerk, and the former will not be entitled, under sec. 19 of the stat. of 20 March, 1839, to time to correct the error.

. The sittings of the late District Court of the First District were divided into monthly terms. Stats. 10 Feb'y, 1813, s. 5. 29 April, 1824.

---

* SLIDELL, J., did not sit in this case, having been of counsel.

APPEAL from the District Court of the First District, *Buchanan, J. Denis*, for the plaintiff. *H. H. Strawbridge*, for the appellant. The judgment of the court was pronounced by

DE ST. AVID
*v-*
PICHOT.

SLIDELL, J. Judgment was rendered by the late District Court of the First District against the defendant, and signed in March, 1845. In March, 1846, an order of appeal was granted, on motion in open court. No citation of appeal was issued. After the transcript was filed, the appellee moved a dismissal.

It is contended by the appellee that the order of appeal was illegal, because it was not made upon a petition in the ordinary form, but on motion; that this was irregular, because the motion was not made at the same term in which the judgment was rendered. This objection is not, in our opinion, well taken. If the court thought proper to entertain the application for an appeal in that form and grant the order, it seems to us the appellant should have the benefit of it. It cannot be said that any injury was done to the appellee by the mode of considering the application. See the case of *Prudhomme* v. *Edens*, 6 Rob. 64.

But the other ground taken by the appellee appears to us conclusive. It is that no citation of appeal issued. Under the Code of Practice this was unnecessary. An appellee was not bound to appear unless duly and seasonably cited; and the reports abound with cases in which appeals have been dismissed for the absence, or the informality even, of citation, or its service. To remedy the inconvenience and the frustration of notice, which so frequently resulted from the negligence of clerks and sheriffs, and to facilitate and simplify the remedy of appeal, two statutes were passed. One was the act of 1839, by which it was provided that appeals to the Supreme Court should not be dismissed on account of any defect, error, or irregularity in the petition or order of appeal, &c., or in the citation of appeal, or service thereof, &c., wherever it shall not appear that such defect, error, or irregularity is imputable to the appellant; but in all such cases the court shall grant a reasonable time to correct such errors or irregularities, &c. The other statute was that of March 22, 1843, by which it was declared that the party intending to appeal may do so, either by petition or motion in open court at the same term at which the judgment was rendered, &c.; and that where an appeal has been granted, on motion in open court, no citation of appeal, or other notice to the appellee, should be necessary.

An appellant is entitled to the benefit of the latter statute, as regards the dispensation of citation, only in the case contemplated by the statute, that is, when his motion is made at the term at which the judgment was rendered; the opposite party being, by a fiction of law, considered as then in court; but when the term has passed the old rule applies, and the appellee is entitled to a formal citation. In the present case no citation issued, although at the date of the application for appeal nearly a year had elapsed since the judgment was rendered; and its omission is clearly not cured by the statute of 1843. Nor does the statute of 1839 protect the appellant, because the omission of citation is imputable to the appellant. There being no petition, but simply a motion, the clerk of the court could not be expected to issue a citation. The appellant should have required him to do so; and the irregularity, arising from the appellant's own act and omission, is fatal.

It is proper to remark that the counsel for the appellant is in error in supposing that the late First Judicial District Court had no terms, in the sense contemplated by the statute of March, 1843. It had monthly terms as is provided in the statute of Feb'y, 10, 1813. See also the act of 29 April, 1824. The misapprehension has arisen from the fact that, in consequence of the pressure

Dr. St. Avid   of business in the court for many years its sessions were held continuously for
v.          many months together, without adjournment.                *Appeal dismissed.*
Pichot.