On Motion to Dismiss.
NIOI-IOLLS, C. J.
A final judgment in the present case was rendered by the district court against the defendant, Edward Bernet, on the 27th of June, 1901.
On July 5th he applied by petition for a suspensive appeal returnable to- the supreme court on the first Monday of November, 1901. A suspensive appeal was granted, and made returnable as prayed for on furnishing a bond for $4,000. Bond was furnished the same, day for the amount required, and plaintiff was served with citation of appeal. On July 24, 1901, upon a rule taken by the plaintiff to show cause why the surety on the bond should not be decreed to be incompetent and insufficient, the rule, by consent of defendant, was made absolute. No now sureties were furnished, and the transcript of appeal was never filed under that order.
On the 20th of April, 1902, defendant applied for an appeal by petition a second time; a devolutive appeal being prayed for on the second application, returnable on the first Monday of November, 1902. Citation was prayed for, but the name of the party upon whom citation was to be made was not given. An order for a devolutive appeal was granted. returnable as prayed for, on giving bond for $50. The bond was furnished the same day. The transcript of appeal was filed November S, 1902.
On the 8th of November, 1902, two motions were made to dismiss the appeal, — the first, by Oliver T. Nobles; the second, by Mrs. Eugenie Cornell and her husband, William Warner, appearing in their capacity as dative tutrix and co-tutor of the minor, Sophie Sugg, on whose behalf Oliver T. Nobles, as dative tutor, had instituted the action. The latter adopted in their motion the allegations and averments made by Nobles. In Nobles’ motion, which he supported by affidavit, he suggested to the court: Eirst. That he had no individual interest in the suit, having brought the same exclusively in behalf of the minor, as her tutor; that an attempt had been made to bring the minor into court by citation upon him as dative tutor; that long before said attempted citation he had resigned as tutor, his resignation had been accepted, and the mother of the minor and her second husband had been appointed and confirmed as her dative tutor and co-tutor, and letters had issued to them, all of which was of record in the civil district court; that, in view of the premises, the citation was without effect, and he was without authority to stand in judgment for the minor.
Second. That a prior appeal had been taken in the ease and abandoned.
Third. That the judgment sought to be reversed had been voluntarily executed by the defendant, who had delivered the property involved in the litigation to the representative of the minor, and had voluntarily paid the moneyed judgment. rendered against him, with costs. The record shows that, under the second order of appeal, citation of appeal was served upon Nobles, as dative tutor, on June 2G, 1902, by leaving the same at her domicile, he being absent therefrom at the time.
At that date Nobles was no longer tutor of the minor; he having tendered his resignation on the 9th of June, 1902, and his resignation having been accepted on the 20th of the same month. On this last-mentioned date letters of dative tutorship and co-tutorship to the .minor issued to her mother and stepfather. No attempt was made to have the latter cited prior to the filing of the transcript, and none has been made since. The clerk of court is not a lawyer,- and is not charged with *281 the duty of keeping advised of the various changes which may take place in parties after judgment. litigants cannot throw upon him the responsibility of citing proper parties. Appellant has filed no pleadings in this court. Under these conditions, we have no alternative but to dismiss the appeal. De St. Avid v. Pichot, 3 La. Ann. 6. The appeal is hereby dismissed.