PROVOSTY, J.
Relators were proceeded against by information under section 12 of Act No. 49 of 1894, imposing a penalty upon itinerant venders of drugs, nostrums, etc. They by motion to quash assailed the constitutionality of the act as a whole, and of section 12 in particular, on the grounds, as to the act itself, that it embraces more than one subject, and, as to section 12, that its object is not expressed in the title of the act of which it forms a part, and that it contravenes the provisions of the federal constitution in that it regulates interstate commerce and is class legislation.
The motion to quash was overruled, and the relators were tried and found guilty. Thereupon they moved in arrest of judgment on the same grounds of the unconstitutionality of section 12 as being a regulation of interstate commerce and class legislation. This motion having been in turn overruled, they moved for a new trial on the same grounds set forth in the motion to quash, with the additional ground that the court had erred in holding that they were amenable to section 12 of Act No. 49 of 1894 as itinerant venders of drugs, nostrums, etc. The new trial was denied, and the relators took an appeal to this court. Pending that appeal, the present application for the writs of certiorari and prohibition was made.
To the rule to show cause why the said writs should not be made peremptory, the district judge has made an elaborate return. He calls attention to the fact that the present application was presented while the appeal was still pending, and he urges that under the circumstances the application should not be entertained. There would be force in this suggestion if the relators were still insisting on the appeal, but they are not doing so; they have expressly alleged that it was obtained unadvisedly, and that this court was without jurisdiction to entertain it; which was a clear discontinuance and abandonment of the remedy, so considered and acted on by this court in dismissing the appeal.
It may be well, however, that we should say here that we do not wish it to be understood that this court will countenance the practice of taking an appeal merely as a temporary device to stay proceedings, with a view to invoking later the supervisory powers of this court. A litigant cannot be permitted to vex the courts with the concurrent prosecution of two remedies, either of which if properly resorted to would be adequate and therefore exclusive of the other. If in any case it is found that there has been such abuse, the court will take due action. In the present case there is no reason to believe that the appeal was not taken in good faith.
The respondent, in his return, says positively that except on the trial on the merits no evidence was adduced in the case at any time in support of the allegation that the business of relators was interstate commerce; in other words, that the several motions were submitted to the court for decision on the face of the papers. If so, a very different case is presented from that alleged in the petition of the relators. From the allegations there made, the inference would be that the motions had been submitted to the lower court with the evidence to support them.
The character of the business of the relators as interstate commerce was a matter of fact to be taken notice of only after proof, and the mere allegation of which, unsupported by evidence, amounted to nothing.
If such evidence was not administered on the trial of the motion to quash, the case remained one to be decided on the face of the papers, that is to say, on the face of the indictment; and on the face of the indictment nothing shows that the business of the relators was interstate commerce.
The several bills of exception have been sent up by the respondent judge in the original as part of his return, and they bear him out in his assertion that the motions were submitted without' evidence. It must be considered, therefore, that, on the trial of the motion to quash, the question of the interstate character of the business of the relators was not presented in such shape as enabled the court to make it a basis for judicial action, and that the only questions *293 properly presented to the court for action were those arising on the face of the indictment.
The questions so arising are the following: Whether section 12 of Act No. 49 of 1894 is class legislation; and whether the object of said section is or not expressed in the title of the act of which the section forms a part; and, finally, whether the act embraces more than one subject. These questions are not pressed in the brief, and doubtless have been abandoned. Exactly what is meant by the first is not very clear, and the other two were passed on adversely by this court in the case of State v. Lee, 106 La. 400, 31 South. 14.
These same questions, and they alone, could be considered on the motion in arrest of judgment; since, on the trial of such a motion, the inquiry must be confined to matters appearing on the face of the record. State v. Casey, 44 La. Ann. 969, 11 South. 583; State v. Valsin, 47 La. Ann. 115, 16 South. 768.
The overruling of the motion for a new trial was not excepted to, so. far as the record shows, and it is well settled that, unless the refusal of a new trial is duly excepted to, it will not be reviewed by this court. State v. Napoleon, 104 La. 164, 28 South. 972.
The respondent judge consented that the transcript filed in this court in the matter of the appeal should be taken as part of his return, and in this transcript we find a statement of evidence certified to by the clerk of the lower court as being “all the evidence offered on the trial of this case.” In explanation of the presence of this evidence in the transcript, the respondent judge makes in his return the following statement:
“It has just come to the knowledge of your respondent from a statement contained in the brief of tlje relators that an alleged statement of facts appears in the transcript as having been made a part of the motion to quash. There was no statement of facts made a part of the motion, submitted to your respondent on the trial thereof, or attached to and made a part of the bill retained to the ruling thereon. If such appears in the transcript as stated, it is an error for which your respondent is unable to account. In confirmation of the statement here made, your respondent attaches hereto and makes a part hereof the original motion to quash, and the bill of exceptions signed by him, marked exhibits A and B.
“Your respondent was not aware of such an error when he consented that the record of the ease contained in the transcript of appeal should be considered as his return, and now begs to forward herewith, and as a part thereof, the other original motion and bills of exception, except the bill of exception retained to the ruling in denying a motion for a new trial, which he has been unable to obtain; and motions and exception being marked Exhibits O, I), and E, which, together with all the other exhibits hereto attached, are sent up as a supplemental return.
“Furthermore, no evidence was adduced, except on the trial of the case on the merits, which was submitted to and passed on by your respondent in the determining of the guilt or innocence of the relators. As a part of the case on the merits, certain admissions were orally made, to be considered by your respondent in connection with the facts and circumstances of the case. This evidence was not reduced to writing by the clerk, or any other officer, or by any one acting under the appointment or • order of the court. The testimony which has been, it appears, incorporated in the transcript referred to, was taken by the office stenographer of the attorney for the relators, who was engaged during the trial in making apparently a full report of it, presumably for the use of the relators. Your respondent did not see the transcript of it until he found it among the original papers in the record after the application had been made herein, and, being unable now to recall in detail all of the evidence adduced on the trial, it is impossible for him to say that the note of evidence thus taken is correct; but it may be stated that he has no sufficient reason to believe that it does not contain at least all of the evidence formally tendered to the court.
“In further confirmation of the statement that the alleged statement of facts was not attached to or made a part of the motion to quash or the bill of exceptions, your respondent hereto attaches as Exhibit X the original note of evidence thus taken, which shows that the admissions were taken on the trial of the merits, and not on the trial of the motion to quash, which has already been *295 disposed of. It was not even filed as a part of the original record.
“The clerk is most efficient, careful, and painstaking, and your respondent assumes tliat fie, your respondent, is in a certain measure responsible for tfiis note of evidence having been incorporated in tfie transcript. Tfie clerk fiad refused to do so when tfie attorney for tfie relators came to your respondent, some days after tfie trial and adjournment of the.court, and requested to know if fie would urge any objection to tfie clerk attaching tfie note of evidence to the transcript. Your respondent should have refused, but, on account of the nature of tfie request made, told tfie attorney that, so far as respondent felt concerned, the clerk could do so. Your respondent is not now urging any objection to tfie incorporation of tfie note of evidence in the transcript of appeal, which is recognized as improper in any case unless properly presented; but tfie evidence, not having- been adduced in connection with tfie motion to quash, made a part thereof, or of tfie bill of exceptions, it forms no part of tfie record of tfie case, and your respondent therefore objects to its being considered as a part of tfie record herein returned by him. Tfiis proceeding is separate and distinct from tfie appeal. Your respondent feels satisfied that tfie appearance of tfie note of evidence or statement of facts as attached to and making part of tfie motion to quash is purely an error, and nothing more.”
In tfie statement which fie here makes, the respondent judge is corroborated by tfie bill of exception, to which tfie evidence purports to be attached, as tfie bill appears in the original, and also as it appears in tfie transcript. In tfie original, tfie bill makes no allusion to tfiis evidence. In tfie transcript tfie reference to tfie evidence is by a handwritten interlineation, whereas the rest of the bill is typewritten. Tfie same feature shows also in the index of tfie transcript, which is typewritten, with tfie exception of tfie reference to tfiis evidence, which is in handwriting. Evidently tfie judge is right when fie says that tfie evidence was originally no part of tfie record, and that it was added afterwards in tfie manner and under the circumstances stated.
■ We have to hold that tfie evidence has not been brought up in such way that it can be considered by tfie court.
It is therefore ordered, adjudged, and decreed that the rule be discharged, and that tfie application be denied at tfie cost of tfie relators.