## QUEEN INS. CO. OF AMERICA v.
## BLOMENSTIEL et al.
### No. 1456.

Court of Appeal of Louisiana. First Circuit.
March 25, 1935.

St. Clair Adams, St. Clair Adams, Jr., and P. A. Bienvenu, all of New Orleans, for appellant.

Chas. T. Wortham, of Donaldsonville, and Simmons, Simmons & Dolese, of Napoleonville, for appellees.

DORE, Judge.

This is an appeal from a judgment sustaining an exception of no cause of action filed by defendants to plaintiff's demand. The judgment was rendered and signed in open court at Donaldsonville, Ascension parish, La., on December 3, 1934. The minutes of the said court show that the last thing done in the said case was the rendition of the said judgment. There are no minutes showing an entry of an appeal. There is an order of appeal signed by the presiding judge, dated and signed at Convent, St. James parish, La., a separate and distinct parish from that parish wherein this case was tried and submitted, and which order was signed on January 13, 1935.

There appears no return wherein this motion and order of appeal was served on defendants. Code of Practice, arts. 581–583 provide that whenever a motion for an order of appeal is not made in open court, then the same must be served upon the appellee or opposing party. This is sacramental. Citizens National Bank of Hammond v. Kreko et al., 11 La. App. 471, 123 So. 410.

It is argued that this court should not dismiss this appeal in view of Act No. 234 of 1932. Our answer to this contention is that Act No. 234 of 1932 provides, amongst other provisions, that an appeal should not be dismissed for purely technical reasons, or wherein it is not the fault of appellant. But in this case, the fault is purely one of plaintiff-appellant, and no one else.

The motion signed by Judge Himel does not purport to have been received in open court at Donaldsonville, Ascension parish, but must be said to have been signed in chambers at Convent, St. James parish.

The motion and order must have been prepared by plaintiff, with no request that defendants be cited, no citation to be issued, and must be laid at its door and not that of the clerk of court.

It is therefore ordered, adjudged, and decreed that the appeal herein taken be dismissed, at appellant's costs.