ROGERS, Justice.
 

 Mrs. Elizabeth Gay Labrot and her three minor children, appearing through their natural tutor, who are four of the numerous legatees under the will of Mrs. Anna Margaret Gay, widow of Andrew Price, took a rule on the testamentary executors to show cause why the inventories made in the succession should not be annulled. Plaintiffs in rule alleged that the inventories were invalid because they were made without notice to them and without the appointment of an attorney for absent heirs. The rule was dismissed on an exception of no right or cause of action. Plaintiffs in rule appealed from the judgment.
 

 Defendants in rule have moved to dismiss the appeal on the ground that the motion and order of appeal were made in chambers, in vacation, and out of term time, and that citation of appellees, was not prayed for, issued, or served upon them; and on the further grounds, in the alternative, that by their application to this Court for remedial writs with respect to the judgment appealed from, appellants have lost their right to appeal, if any existed, and that the appeal is from an interlocutory order, which is not susceptible of irreparable injury.
 

 According to the undisputed statement of the trial judge, which is attached to appellants’ answer to the appeal, the rule was made returnable on May 24, 1940, which was in term time. Prior thereto, and subsequently, all parties and the district judge agreed to the trial of the rule on July 1,. 1940. On the appointed day, all parties were present and the matter was taken up, argued, submitted, and decided in chambers. The judgment, maintaining the exception of no right or cause of action and dismissing the rule, was prepared, read, rendered, and signed by the trial judge and immediately upon written motion of plaintiffs in rule an appeal was granted, all of which, according to the statement of the trial judge, was done “at Houma, Louisiana, on July 1, 1940, and in the presence of all counsel of record who had appeared in the trial of the rule, and before final adjournment for the day.”
 

 
 *177
 
 The rule is well settled that where an appellant applies for an order of appeal in chambers, at a subsequent term of court, and fails to ask for or obtain an order directing the service of citation of appeal on the appellee, the appeal is subject to dismissal. Many of the cases in which the rule was invoked and applied are cited by the appellees in support of their motion to dismiss. But the rule is not applicable to the facts of this case. As shown by the statement of facts signed by the trial judge, the rule on the testamentary executors was made returnable originally during the regular term of court. By agreement of the parties and with the consent of the district judge, the trial of the rule was fixed for July 1, 1940, at which time the court was in vacation. On that day by virtue of the agreement the court was open not only for the trial and decision of the case, but it was open also to entertain and grant a motion for appeal.
 

 Citation of appeal is not necessary when the appeal is applied for, either by petition or motion, in open court at the term at which the judgment is rendered. This is -so because the appellee is presumed to be present in court at that time and is therefore charged with notice of the appeal. Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Jacobsen v. McGarry, 178 La. 79, 150 So. 838.
 

 The certificate of the trial judge shows that all the proceedings, including the granting of the order of appeal, took place on the same day, at the same time, in the presence of all the parties, and before the adjournment of court. Under these circumstances, the appeal had the same effect as an appeal taken in open court at the same term at which the order of appeal was granted. The appellees were not only chargeable with notice of the appeal, hut they also had actual notice of the appeal. As was said in Brown v. Brown, 30 La.Ann. 506, wherein the Court refused to dismiss an appeal on a similar ground, “while the manner of proceeding seems to have been somewhat anomalous, we think it sufficiently appears that all the steps taken, including the appeal, were had contradictorily with each other, and in the presence of both counsel for plaintiff and defendant * *
 

 The case of McCutchen v. Hudson, 132 La. 177, 61 So. 157, cited by appellees in support of their argument that the knowledge of an appellee’s counsel that an appeal has been allowed does not dispense with citation of appeal, has no bearing on the issue involved in this case. In the McCutchen case the motion of appeal was made out of the presence of appellees’ counsel at a term of court subsequent to that at which the judgment was rendered. In this case, as disclosed by the record, the motion of appeal was applied for and granted contradictorily with the appellees. It needs no argument to support the proposition that knowledge of an appellee’s counsel that an appeal had been allowed from a judgment rendered at a prior term of court has not the same effect as an appeal that was applied for and allowed contradictorily with an appellee.
 

 We find no warrant to dismiss the appeal for want of citation of appeal. Nor do we
 
 *179
 
 find any merit in the alternative grounds urged in support of the motion to dismiss.
 

 Alleging that they had no other remedy, appellants applied to this Court for writs of certiorari, mandamus and prohibition in respect to the judgment which is the subject of this appeal. Appellees urge that as appellants judicially declared they had no right of appeal, they are now es-topped from asserting such right. It is true that a “litigant cannot be permitted to vex the courts with the concurrent prosecution of two remedies, either of which if properly resorted to would be adequate and therefore exclusive of the other.” State ex rel. Pettigrew v. Hall, 109 La. 290, 33 So. 318 and State v. Pettigrew, 109 La. 132, 33 So. 110. But this is not a case in which there has been any such abuse.
 

 It is plain that, as stated in their brief, appellants applied for the remedial writs out of an abundance of caution and in order to obviate the delays incidental to an appeal in the ordinary course, there being a serious doubt in the minds of counsel for appellants as to which remedy was proper.
 

 The allegation contained in the petition for the issuance of remedial writs that the petitioners had no other remedy was a mere conclusion of law, on which the petitioners sought to obtain a review by the Court of the judgment complained of. By so pleading the petitioners did not estop themselves from applying for an appeal from the judgment. A litigant is estopped or bound by his allegations Of fact made in his pleadings, but not by allegations that are mere pronouncements or propositions-of law. D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905. This Court refused the application for writs on. the ground that appellants’ remedy, if any, was by appeal. Thereafter appellants prosecuted their appeal with due diligence.
 

 Appellees argue that the appeal should be-dismissed because the judgment appealed from is an interlocutory order which can not cause irreparable injury.
 

 It is clear from a mere reading of the judgment appealed from-that it is not an interlocutory decree. The proceeding on which the judgment was rendered put at issue questions of the validity of the inventories taken in the succession and the failure of the court to appoint an attorney for the absent heirs. The district court resolved the issue against the appellants and! rejected their demands. The judgment, which was regularly rendered and signed, is conclusive of the rights claimed by virtue of the proceeding. Since the judgment is final and definitive as to their claims, appellants have a right to appeal. The merits of the appeal can not be considered! on the motion to dismiss, and to consider the question raised under the motion would have that effect, which this Court may not do. Succession of Lissa, 194 La. 328, 193 So. 663.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.