21 So.2d 424

**POOL v. GAUDIN.**

No. 37722.

Feb. 19, 1945.

Robert E. Pool, in pro. per., for plaintiff and appellant.

Felix W. Gaudin, in pro. per., for defendant and appellee.

FOURNET, Justice.

This case is before us for consideration of the defendant's motion to dismiss the devolutive appeal taken by the plaintiff from the judgment dismissing his suit against the defendant for the recovery of damages for an alleged libel.

The motion is based on the grounds (1) that the appeal was granted upon the plaintiff's written motion filed during the vacation period of the Civil District Court for the Parish of Orleans that followed the term of court during which the judgment sought to be appealed from was rendered instead of by petition, and (2) that the motion did not contain a prayer for and the judge did not order the citation of the defendant-appellee in granting the appeal, all contrary to the provisions of the Code of Practice and the jurisprudence thereunder.

It is the plaintiff's contention that since he obtained an order of appeal, and citation was duly issued thereunder and served on the defendant, it is immaterial whether he obtained such order by motion or by petition; further, that having failed to file this motion within three days after the return date of the appeal in this court, the defendant is deemed to have waived whatever rights he may have had to have this appeal dismissed.

"It is the accepted rule and jurisprudence of this court that a motion to dismiss an appeal on account of any defect, error, or irregularity in the order of appeal, or in the appeal bond, which is not jurisdictional and which does not strike at the foundation of the right of appeal, must be filed within three days after the return day" (Esparros v. Vicknair, 191 La. 193, 184 So. 745, and the authorities therein cited), and it is the equally well settled jurisprudence of this court "that the omission of the appellant to pray for citation of appeal *and to have it served on the appellee,* when the order has been granted on motion at a term subsequent to the one at which judgment was rendered, is fatal to the appeal." Jacobsen v. McGarry, 178 La. 79, 150 So. 838. See, also, Bass v. Lane, 169 La. 681, 125 So. 853. But this court has held that while an application for an appeal filed subsequent to the term of court at which the judgment was rendered should be by petition, where it has been allowed on a motion and all of the requisites in connection therewith have been complied with, including the issuance and service of the citation on the appellee, the appeal will not be dismissed because of such irregularities. See Prudhomme v. Edens, 6 Rob. 64; Mayville Canal Co. v. Lake Arthur Rice Milling Co., 119 La. 447, 44 So. 260; and Haggerty v. Annison, 133 La. 338, 62 So. 946, 947. (Italics ours.)

In the Haggerty case the court pointed out that: "The failure of appellant * * * to ask for a citation of appeal to issue at

the same time that she filed her motion is not fatal to the appeal * * *. It did not work any injury to appellee, in view of the fact that he was served with a citation before the return day to this court to appear and answer. He had full notice of the appeal, and he was thus summoned to appear and answer here on the return day."

Appeals are favored under our law as the means by which litigants are given an opportunity for relief from the decrees of inferior jurisdictions, but our law makers, in thus favoring the party who seeks relief from an adverse judgment, thought it equally wise to insure that the one against whom the appeal is taken is given an opportunity to protect his interest by requiring that he be given notice of the appeal so that he may appear and answer the same. Hence the requirement under the articles of the Code of Practice and the jurisprudence of this state that there be service of citation on an appellee when an appeal is granted during vacation or at a different term of court from that at which the judgment appealed from was rendered. The reason for dispensing with the citation of appeal or notice to the appellee when the appeal has been granted upon petition or motion in open court at the same term at which the judgment was rendered is based on the fiction that the appellee is presumed to be in court at that time and is thus charged with notice thereof. Prudhomme v. Edens, supra; De St. Avid v. Pichot, 3 La.Ann. 6; and Jacobsen v. McGarry, supra.

It is our opinion, therefore, that the appellant's failure to proceed by petition in obtaining the order of appeal in this case, his failure to pray for citation of appeal in the motion, and the judge's failure to order such citation, were all irregularities that were cured when the defendant was served with the citation before the day fixed for lodging the transcript in this court. The fundamental basis for the citation was thus satisfied.

For the reasons assigned, the motion to dismiss this appeal is denied.