FOURNET, Chief Justice.
The appellee, Dr. Joseph D. Dantone, in reliance on the provisions of Article 573' of the Code of Practice, as amended by Act 49 of 1871 and Section 1 of Act 24 of 1930,[1] has filed here a motion to have dismissed his wife’s suspensive and devolutive appeal from a judgment rejecting her demand for a separation from bed and board, contending that inasmuch as her appeal was perfected more than 30 days following the date of such judgment it cannot be suspensive, and that, thereafter, there can be no devolutive appeal in such a suit.
This contention is not well taken for the provisions of LSA-R.S. 13:4452' (Article 573 of the Code of Practice as-amended by Act 24 of 1930), ordinarily-controlling in appeals from judgments-granting separations or divorces, being in derogation of the right of appeal (which finds favor in the law), must be strictly construed, and are, therefore, inapplicable *635 here since the judgment appealed from is not a final judgment of separation from bed .and board, but, instead, a judgment rejecting the plaintiff’s suit for a separation from bed and board, which is governed and tested by other articles of the Code of Practice, and, thereunder, the appeal will be maintained as devolutive since there is nothing to suspend. See Cortez v. Cortez, 175 La. 179, 143 So. 41.
For the reasons assigned, the appeal is •dismissed as suspensive, but maintained as •devolutive.

. Article 573 as amended in 1871 provided that “where the judgment decrees a divorce, such a petition or motion of appeal must be filed within thirty days * * * after the signing of such judgment, instead of ten days, and shall operate as a suspensive appeal therefrom, and there shall be no devolutive appeal allowed thereafter.” However, these provisions were superseded by the enactment of Section 1 of Act 24 of 1930 (now LSA-R.S. 13:4452) which provides that “ * * * no appeal shall lie from any final judgment of separation from bed and board or of divorce after thirty days from its date, but any appeal perfected within that time shall suspend the execution of the judgment until the appeal shall have been finally disposed of.”'