PER CURIAM.
Appellee moves to dismiss the suspensive appeal herein taken by the plaintiffs on the ground that “upon motion and not in open court, an order granting a suspensive appeal was signed,” and that no citation of appeal was prayed for and appellee was not. served with citation of appeal.
We do not know the basis for the suggestion that the motion was not made and the order of appeal not signed in open court, as the record contains a motion for appeal which to all appearances was made in open court, and the order granting the appeal thereon likewise appears to have been signed in open court. We do not believe our brother below would have entertained the motion or signed the order of appeal outside the courtroom or while the court was not in session. Whereas the appeal was granted on motion at the same time at which the judgment was rendered, no citation of appeal was necessary. Rouyer v. Horil, La.App., 79 So.2d 106, and cases therein cited.
In support of their motion to dismiss, counsel for appellee cite us to the case of Bascle v. Perez, 224 La. 1014, 71 So.2d 551, wherein the Supreme Court held that an appeal was subject to dismissal as to a defendant who was not cited even though the motion for the appeal was made and the order granting the appeal was signed in open court. However, this conclusion of the Supreme Court was predicated on certain peculiar facts which are not present in the instant appeal. In Bascle v. Perez an appeal was first taken to the Court of Appeal for the Parish of Orleans and citation was served on the appellees, hut subsequently the plaintiffs filed a supplemental and amended motion in the lower court praying for an appeal to the Supreme Court. The appellants contended that no citation was necessary on second motion under the provisions of Art. 574, C.P., because the motion for the appeal had been made in open court. But the Supreme Court held that the said article of the Code of Practice had no application. It was pointed out that the article in providing that citation is not necessary in the event the order of appeal is granted in open court did not contemplate a situation such as existed in the case where an appellant changes the court for'the return of his appeal and obtains two orders to different courts for the same appeal. As support for its holding the Court cited Hymel v. Illinois Cent. R. Co., 116 *433 La. 42, 40 So. 525, the syllabus therein by the Court reading:
“If, after obtaining an order of appeal on motion in open court, an appellant obtains a second order of appeal on motion, the appellee must be cited under the second order.”
The motion to dismiss is denied.
Motion denied.