129 So.2d 284 (1961)
Daly VIDRINE
v.
AMERICAN EMPLOYERS INS. CO.
No. 227.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1961.
Certiorari Denied June 20, 1961.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before TATE, FRUGÉ, SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This case is before us on a motion by the appellee to dismiss the appeal. The suit was instituted in the Thirteenth Judicial District Court in and for the Parish of Evangeline, and a final judgment in plaintiff's favor was rendered by that court on November 14, 1960. On November 23, 1960, defendant, through his attorney, submitted a written motion for a suspensive appeal from this judgment to the Honorable Lessley P. Gardiner, Judge of the Twenty-Seventh Judicial District Court in and for the Parish of St. Landry, and on that same day Judge Gardiner signed an order granting the suspensive appeal and making it returnable to this Court. The appeal was lodged in this Court on December 21, 1960, and on that day the plaintiff-appellee filed the motion to dismiss which is now before us.
As a basis for his motion to dismiss the appeal, plaintiff-appellee alleges:

"VI.
"Mover further shows now that the 13th Judicial District Court in and for the Parish of Evangeline has a permanent *285 district judge, Honorable Joe R. Vidrine, sitting in Ville Platte, Louisiana, that the 27th Judicial District Court in and for the Parish of St. Landry, Louisiana, with the Honorable Lessley P. Gardiner sitting in Opelousas, Louisiana, was without jurisdiction to grant the suspensive appeal in the above entitled and captioned cause, inasmuch as the suit was filed in the 13th Judicial District Court, in and for the Parish of Evangeline, and the matter subsequently tried in the 13th Judicial District Court, by the Honorable Joe R. Vidrine, sitting at Ville Platte, Louisiana, in and for the Parish of Evangeline, and that the said 13th Judicial District Court was the only competent court with jurisdiction to grant the suspensive appeal in the said cause.

"IX.
"That the said suspensive appeal signed by the Honorable Lessley P. Gardiner in Opelousas, Louisiana, does not state that the motion for the appeal was granted in Open Court, and further the minutes of the 13th Judicial District Court in and for the Parish of Evangeline do not show the order granting the appeal, and for these additional reasons, the said suspensive appeal is an absolute nullity.

"X.
"Mover further shows that the said suspensive appeal is an absolute nullity for the further reason that no citation of appeal or other notice was given to mover as required by law, when the motion is not granted in Open Court and it does not appear on the said order granting the appeal that the appeal was granted in Open Court (which even if it had been, it would be invalid for the reasons set out hereinabove)."
Defendant-appellant filed an answer to the motion to dismiss, alleging that on November 23, 1960, Judge Vidrine was absent from Evangeline Parish; that the motion for a suspensive appeal was presented to Judge Gardiner, Judge of the Twenty-Seventh Judicial District Court for St. Landry Parish, and the order granting the suspensive appeal was signed on that date by Judge Gardiner in open court, in St. Landry Parish; that Judge Vidrine's absence was established prior to having Judge Gardiner sign the order; and that the Thirteenth Judicial District and the Twenty-Seventh Judicial District are adjoining.
Attached to the answer filed by the appellant is a certificate signed by Judge Gardiner which states:
 "Opelousas, Louisiana
 "December 30, 1960.
"I, Lessley P. Gardiner, Judge of the Twenty-Seventh (27th) Judicial District Court, in and for the Parish of St. Landry, State of Louisiana, do hereby certify that in the civil action entitled `Daly Vidrine vs. American Employers Insurance Company,' bearing Civil Docket Number 13,295 of the Thirteenth (13th) Judicial District Court, in and for the Parish of Evangeline, State of Louisiana, on the Twenty-Third (23rd) day of November A.D., 1960, I did, in Open Court, on written motion therefor being made by Seth Lewis, Jr., counsel for defendant-appellant, grant an Order of Suspensive Appeal to American Employers Insurance Company returnable to the Court of Appeal, Third Circuit, State of Louisiana, on the Twentieth (20th) day of December A.D., 1960.
"This order was signed in Open Court at Opelousas, St. Landry Parish, Louisiana, by me after having been apprised of the absence of Joe R. Vidrine, Judge of the Thirteenth *286 (13th) Judicial District Court, from Evangeline Parish, Louisiana as has been the usual custom and practice.
"/S/ Lessley P. Gardiner
"Judge, 27th Judicial District Court"
Also attached to appellant's answer is a certificate signed by Judge Vidrine in which he states:
"I, Joe R. Vidrine, Judge of the Thirteenth (13th) Judicial District Court, in and for the Parish of Evangeline, State of Louisiana, do hereby certify that from the 14th day of November, up until the 23rd day of November, I was in my office every day; that on the 23rd day of November I left town and was out of the parish and returned to my home at 5:00 PM on the same day.
"/S/ Joe R. Vidrine
"Judge, 13th Judicial District Court"
Since the two certificates hereinabove quoted were not a part of the original record, it would be in order to remand the matter to the trial court for the introduction of such evidence as may be available on this issue. No objection to the certificates has been expressed, however, and we find no denial of the facts stated in those documents. Under those circumstances we have decided to accept these certificates as establishing the facts therein set out. Boucher v. Division of Employment Security, etc., 1958, 235 La. 851, 106 So.2d 285; Leon v. St. Bernard Parish Democratic Committee, La.App.1960, 117 So.2d 447.
The record establishes, therefore, that Judge Vidrine was absent from the Thirteenth Judicial District on November 23, 1960, and that the motion for a suspensive appeal was made and the order granting the appeal was signed by Judge Gardiner in open court on that day in the Twenty-Seventh Judicial District Court, at Opelousas, St. Landry Parish, Louisiana. Since the record does not show that the appellee was cited to appear before the Court of Appeal we assume that no citation or notice of the appeal was ever issued to or served on him.
Counsel for mover contends that Judge Gardiner was without authority to grant a suspensive appeal in this case, and further that the order granting the appeal is an absolute nullity for the reason that no citation or notice of appeal was given to appellee. Defendant-appellant, on the other hand, contends that Judge Gardiner, as a district judge of an adjoining judicial district, was authorized by LSA-R.S. 13:586 to grant the suspensive appeal, and that since the appeal was granted in open court no citation to appellee was necessary.
At the time the appeal was granted in this case, the law provided that a motion for an appeal could be presented either by petition or by motion in open court. Code Practice Art. 573. It was necessary that the appellee be cited to appear and to answer the appeal if the motion for such an appeal was made by petition or by motion in open court at a term subsequent to that at which the judgment appealed from was rendered. C.P. Arts. 573, 574, 581-584, incl.; Gagneaux v. Desonier, 1901, 109 La. 460, 33 So. 561; McGaw v. O'Bierne, 1909, 124 La. 989, 50 So. 819; Royal Furniture Co. of Baton Rouge v. Patterson, La.App.1958, 101 So. 2d 495. The failure to have the appellee cited is fatal to the appeal in a case where citation is required and where the appellant fails to pray for such citation. Bass v. Lane, 1930, 169 La. 681, 125 So. 853; Naquin v. Naquin, 1930, 170 La. 621, 128 So. 655; Resweber v. Jacob, 1956, 229 La. 355, 86 So.2d 64; Leon v. St. Bernard Parish Democratic Committee, supra.
The law at that time, however, was further settled to the effect that if an appeal was granted on motion in open court *287 at the same term at which the judgment appealed from was rendered, it was not necessary that the appellee be cited or in any other manner notified of the appeal, on the fiction that the appellee is presumed to have been in court at that time and was thus charged with notice. Prudhomme v. Edens, 1843, 6 Rob. 64; Fisk v. Moss, 1869, 21 La.Ann. 329; Trounsteine v. Ware, 1887, 39 La.Ann. 939, 3 So. 122; Guy v. McDuffie, 1909, 123 La. 641, 49 So. 222; Succession of Williams, 1924, 156 La. 704, 101 So. 113; Succession of Price, 1941, 196 La. 172, 198 So. 894; Pool v. Gaudin, 1945, 207 La. 403, 21 So.2d 424; Littlejohn v. Liberty Mut. Ins. Co., La.App.1957, 97 So.2d 432.
The order granting the appeal was signed by Judge Gardiner pursuant to LSA-R.S. 13:586, which provides:
"When it is proved that all the judges of any judicial district are absent from their judicial district, or are otherwise unable to act, any district judge of an adjoining judicial district may grant any orders that the absent or incapacitated judges could grant, if present."
We have no hesitancy in concluding that the authority granted by LSA-R.S. 13:586 to the judge of an adjoining judicial district includes the power to grant appeals. Since Judge Vidrine was absent from Evangeline Parish on the day appellant presented a motion for an appeal in this case, it is clear that Judge Gardiner, as a judge of an adjoining judicial district, was authorized to grant such an appeal. The case of Queen Ins. Co. of America v. Bloomenstiel, La.App.1935, 160 So. 169, relied on by counsel for mover, is not applicable because the motion for an appeal in that case was not made in open court, as was done in the instant suit, and it does not appear from the opinion that the judge of the district court which rendered the judgment was absent from the district or was unable to act at the time the appeal was granted or that the appeal was granted by the judge of an adjoining judicial district.
Counsel for mover further contends, however, that the order granting the appeal is an absolute nullity because "no citation of appeal or other notice was given to mover as required by law, when the motion is not granted in open court and it does not appear on the said order granting the appeal that the appeal was granted in Open Court." Mover is correct in his allegation that the order granting the appeal does not state that it was issued in open court. We might add also that there is nothing in the record to show whether an entry was included in the minutes of either the Thirteenth or the Twenty-Seventh Judicial District Courts showing the granting of the appeal. As has already been stated, however, Judge Gardiner has certified and we have concluded that the order was granted in open court. Also, the record shows that this original order granting the appeal was filed with the Clerk of the Thirteenth Judicial District Court on November 23, 1960, being the same day the order was signed. We do not think that an entry on the minutes of the court showing the signing of this order is essential to the validity of the appeal, but if a minute entry to that effect should be deemed to be sacramental certainly the appellant in this case should not be penalized by the failure of the clerk of either court to make such an entry since there is nothing to show that appellant was at fault.
We have considered the question of whether it is necessary to cite the appellee in a case such as this, where the appeal is granted in open court by the judge of an adjoining judicial district under the provisions of LSA-R.S. 13:586. Although persuasive arguments can be presented to the effect that such a requirement would be advisable, no authorities have been pointed out to us which indicate that any such citation or notice to *288 the appellee actually is required under those circumstances.
Appeals are favored in Louisiana procedure and ordinarily they will not be dismissed on mere technicalities. LSA-R.S. 13:4433, C.P. Art. 898; LSA-C.C.P. Art. 2161; Succession of Tullier, 1950, 216 La. 821, 44 So.2d 880; Dantone v. Dantone, 1956, 230 La. 632, 89 So.2d 149; Succession of Nunley, 1953, 222 La. 730, 63 So.2d 737. We conclude that the order signed by Judge Gardiner granting a suspensive appeal in this case is valid, and that no citation or notice to the appellee was necessary under the circumstances presented here.
For the reasons herein assigned, it is ordered, adjudged and decreed that the motion to dismiss this appeal be and it is hereby denied. The costs of this proceeding will be assessed at the time final disposition is made of this case.
Motion denied.