PRICE, Judge.
Of primary concern in this appeal is the lack of jurisdiction of this Court because of the failure of appellant to timely file her appeal bond.
This case involves an exception of no right of action filed by defendant, Ora Wynder, in response to the petition of plaintiff, Daisy Mae Wynder, seeking a separation from bed and board. This peremptory exception, based upon Ora Wynder’s claim that his marriage to Daisy Mae was bigamous, was sustained by the trial court.
On December 5, 1969, the judgment was rendered in the lower court, and this judgment was made final when the judge signed it on December 10, 1969. Appellant Daisy Mae Wynder’s application for a new trial, argued on January 12, 1970, was denied March 18, 1970. On March 25, 1970, the attorney representing Daisy Mae Wynder erroneously sought a devolutive appeal (as provided in LSA-C.C.P. art. 3942, only a suspensive appeal may be taken from a judgment granting or refusing a separation from bed and board) from the ruling of the court on the exception of no right of action, returnable on May 18, 1970, with the appeal bond fixed at $150.00. Article 3942 further specifies that the appeal must be taken within thirty days from the applicable date provided in LSA-C.C.P. art. 2087(1)-(3), the pertinent provisions of which provide that this period for appeal commences with:
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
Article 1914 does-not apply to this case. The record does not reveal that appellant requested notice of judgment on the motion for new trial from the district court; however, even had she done so, her appeal would be untimely. Daisy Mae Wynder tacitly acknowledged cognizance *427 of the refusal of the court to grant a new trial by filing a motion for orders of de-volutive appeal as to the ruling on the exception of no right of action on March 25, 1970. Even assuming that notice of judgment on the motion for new trial was sought, and further assuming that the appeal was filed on the same day on which such notice was received, appellant’s perfection of the appeal by posting bond on May 8, 1970, would still be untimely, as thirty days would have elapsed from her apparent notice of the filing.
On the date asigned for oral argument of this appeal, this court advised the appellant’s attorney of its apparent lack of jurisdiction and extended to him an opportunity to submit a supplemental brief in his defense. In support of his position that his appeal was timely, counsel cited Dantone v. Dantone, 230 La. 632, 89 So.2d 149 (1956), in which our Supreme Court held that the special thirty day appeal provision of the Code of Civil Procedure did not apply where the judgment is one rejecting a suit for separation from bed and board rather than an actual final judgment of separation. However, the decision in Dantone was based upon La. Acts 1930, No. 24, Sec. 1 (LSA-R.S. 13:4452):
“ * * * no appeal shall lie from any final judgment of separation from bed and board or of divorce after thirty days from its date * * (Emphasis supplied)
Subsequent to the Dantone case, the above statute was superseded by LSA-C.C. P. art. 3942:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-(3).” [emphasis supplied]
The expanded application of the provision is apparent, and clearly encompasses the situation presently before us— an appeal from a judgment refusing a separation from bed and board on the basis of a sustained peremptory exception.
The case of Cure v. Tobin, 217 La. 713, 47 So.2d 329 (1950), cited by the appellant, merely sets forth that the thirty day limit does not apply to appeals from those parts of separation or divorce judgments not pertaining to the separation or divorce issue proper (such as custody or community property questions), and is not relevant to the situation presently before us.
After carefully studying these and the other arguments presented in the supplemental brief filed on behalf of the appellant, we find them to be without merit.
There is an abundance of jurisprudence in this State to the effect that an appellate court must dismiss an appeal on its own motion when, due to the failure of the appellant to file his appeal bond within the time allowed by law, it lacks jurisdiction over the case. Lafayette v. Farr, 162 La. 385, 110 So. 624 (1926); Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710 (1965). Since the thirty day delay for suspensive appeal commenced with the ruling on the motion for new trial on March 18, 1970, the posting of the appeal bond on May 8, 1970, was without effect. Accordingly, the judgment of the district court has become final and unappealable, and this court lacks jurisdiction to further consider the matter.
For the reasons assigned, this appeal is dismissed at appellant’s costs.