LEMMON, Judge.
Marian Levin Udin has filed a motion to dismiss an appeal by her husband from a judgment granting her a divorce on the grounds of their having lived separate and apart without reconciliation for a period of more than one year following the judgment of separation. R.S. 9:302.
Mrs. Udin obtained a judgment of separation from bed and board on June 30, 1970. Subsequently a petition for absolute divorce was filed on July 1, 1971. Udin answered and denied the allegation that there had been no reconciliation between the parties since the signing of the judgment of separation. The case was tried on the merits, and the trial court rendered judgment on November 3, 1971 in favor of Mrs. Udin, granting her a judgment of divorce. Udin then perfected this appeaí.
*264 in her motion to dismiss, Mrs. Udin alleges :
"4.
That the matter was tried on November 2, 1971 and both the plaintiff and defendant reiterated their allegations that they lived separate and apart for a period in excess of one year following the signing of a judgment of separation from bed and board. (Tr. 12, 127, & 134). That there is no factual or legal question to be determined by the appeal of this matter and, therefore, the judgment of the Civil District Court for the Parish of Orleans, Division ‘H’, should be affirmed.”
This allegation goes to the very merits of this appeal. Mrs. Udin alleged facts necessary to support her right to an absolute divorce, and her husband denied the allegations. The case was tried on the merits and appealed. Mrs. Udin now contends in effect that since she will win the appeal, it should now be dismissed. We cannot make this determination without going into the merits of the appeal, which cannot be considered on a motion to dismiss the appeal. Succession of Price, 196 La. 172, 198 So. 894 (1941); Solomon v. Hickman, 213 So.2d 96 (La.App. 1 Cir. 1968). If the appeal proves frivolous, other consequences may attach.
Alternatively, Mrs. Udin requests that the ends of justice require an immediate hearing pursuant to Rule 8 § 2 of the Uniform Rules of the Courts of Appeal. This motion does not properly form a part of a motion to dismiss an appeal, but may be raised in a separate motion, in accordance with the court rules, setting forth the reasons for an expedited hearing should be granted. The application can then be determined on its merits.
Accordingly, the motion to dismiss the appeal is denied.
Motion to dismiss denied.