180 So.2d 106 (1965)
Barbara Anderson BROWN, Plaintiff-Appellant,
v.
Donald T. BROWN, Defendant-Appellant.
No. 10448.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Rehearing Denied November 30, 1965.
Donald R. Miller, Shreveport, for appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
In 1964, by way of a reconventional demand to his wife's suit for a separation, Donald T. Brown obtained a judicial separation *107 from Barbara Anderson Brown, but the latter was granted the custody of the minor children together with an award for their support and maintenance. In less than one year, using the same style and number of the previous separation suit, Mr. Brown sued his wife for a final divorce on the grounds of adultery and asked for custody of two of the minors. After trial on the merits, Mr. Brown was granted a final divorce, but Mrs. Brown was awarded the custody of the two children together with the sum of $150 per month for their support and maintenance. From this judgment both parties requested and were granted devolutive appeals and bonds for such appeals were fixed. Mr. Brown appeals only from the custody award and Mrs. Brown appeals from that part of the judgment granting Mr. Brown a divorce.
Even though both sought devolutive appeals, it is conceded that under Louisiana Code of Civil Procedure Article 3942 the appeals suspended the operation of the judgment.
During oral argument before this court, it was brought to the attention of counsel for Mrs. Brown that although she was granted the order of appeal within the thirty-day period fixed by law the bond required by the lower court was not filed until after the expiration of that period. The issue of whether or not the appeal had been timely perfected was not raised by pleadings or otherwise, but being one of jurisdiction, this court ordered the question briefed and excellent briefs have been submitted by counsel for both litigants.
Counsel for Mrs. Brown concedes she did not file her bond within the thirty-day period but contends that since Louisiana Code of Civil Procedure Article 3942 does not specifically require any security for cost, no bond is required in order to perfect an appeal in cases falling within its purview.
There are two general types of appeals, i. e., devolutive and suspensive. It seems obvious, and we so hold, that the appeal provided for in Article 3942 of the Code of Civil Procedure is a suspensive appeal. Louisiana Code of Civil Procedure Article 2124 sets forth the manner and methods of fixing the security for costs for all appeals, and the concluding paragraph thereof provides:
"Both devolutive and suspensive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal."
Failure of Mrs. Brown to timely perfect her appeal by furnishing bond within the period allowed amounts to a jurisdictional defect preventing acquisition of jurisdiction of her appeal by this court. See Lafayette v. Farr, 162 La. 385, 110 So. 624 (1926) and Britt v. Brocato (La.App. 4 Cir., 1965) 170 So.2d 516 and numerous cases cited in each case.
Left for consideration is Mr. Brown's appeal from the ruling of the lower court awarding the custody of the two minor children, ages ten and seven, to their mother. A third child born during the separation is not mentioned in the judgment appealed from.
Louisiana Civil Code Article 157 permits the trial court to award custody of children to the party against whom the divorce has been rendered when it finds it is to the greater advantage of the children. Our jurisprudence has uniformly held the wife may be granted the custody of children of tender years even in cases where she has been found guilty of adultery. The paramount issue in such cases is the best interest of the children. Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953) and McCaa v. McCaa (La.App., 2 Cir., 1964) 163 So.2d 434, writ refused 246 La. 579, 165 So.2d 480.
Mrs. Brown offered the testimony of church leaders, neighbors and others having *108 the opportunity of observing the manner in which she cared for these children. They uniformly spoke well of her and thought the children were being adequately cared for and reared in a Christian home. Mr. Brown contended otherwise and presented the testimony of witnesses to substantiate his claims.
We have given careful consideration to the entire record. We deem it neither necessary nor advisable to make a permanent record of all the testimony as to the alleged unfitness of the mother. We conclude the decision of the trial judge awarding the custody of the children to the mother and ordering the father to support them is based upon due consideration of all the evidence and that he properly disposed of both issues.
For the reasons assigned the appeal of appellant, Mrs. Barbara Anderson Brown, is dismissed at her costs and the judgment appealed from is affirmed at the cost of appellant, Donald T. Brown.
Dismissed in part and affirmed.