BAILES, Judge.
This is an appeal from a judgment awarding a separation from bed and board in favor of plaintiff-appellee and against his wife, the defendant-appellant. The judgment appealed from was rendered and signed on October 14, 1966, in confirmation of a preliminary default entered against the defendant-appellant on October 10, 1966.
The record herein reflects that the defendant-appellant was personally served with the petition originating the proceedings on June 2, 1966; however, no answer was filed to the demands of the plaintiff-appellee.
The defendant petitioned for and was granted an appeal from the judgment of the trial court awarding the separation. The order of the court granting the appeal was dated November 17, 1966. The appeal bond was fixed in the amount of $500. This amount was posted in cash with the clerk of court on November 23, 1967.
*880 We, ex proprio motu et sua sponte, take notice of the fact that the appeal bond, the depositing of cash with the clerk of court in an amount equal to the amount of the bond fixed by the court is tantamount to the posting of an appeal bond, which perfects the appeal was not timely filed.
Under the provisions of C.C.P. Article 3942, an appeal from a judgment awarding a separation from bed and board must be taken within thirty days from the time required by the provision of C.C.P. Article 2087(1) — (3).
As the defendant-appellant was personally served with the plaintiff’s petition, no notice of judgment to her was required under the provisions of C.C.P. Article 1913.
LSA-C.C.P. Article 1974 grants a delay for applying for a new trial of three days, exclusive of holidays, and as the defendant-appellant was not entitled to notice of judgment, and no application for a new trial wa¿ made by defendant-appellant, we calculate that the beginning of the thirty day delay for perfecting the appeal to have begun on October 20, 1966. We arrive at this date of October 20, 1966, for the reason that the judgment was signed on Friday, October 14, 1966. Saturday, October 15, and Sunday, October 16, were holidays, and Monday, October 17, was the first day for the tolling of the three-day period. The period of three days was accomplished on October 19, 1966, as neither of the three preceding days were holidays. Consequently, the thirtieth or the last day on which an appeal could be perfected was November 18, 1966. Therefore, the appeal bond, in the form of cash deposited with the clerk of court, filed on November 23, 1966, was not posted within the required thirty day period.
We find that an appearance of the defendant-appellant, through her attorney of record, was made in certain phases of the case in the trial court, however, no answer in any form was filed either in proper person or through counsel, and if it should be argued by defendant-appellant that her attorney was entitled to notice of the judgment, we find that he was notified of the judgment by the clerk of court on October 18, 1966. The three day period of making application for a new trial began on October 19 and was completed on October 21, as neither of these three days were holidays. The last day of the thirty day period under this calculation would be November 20, 1966, and thereunder the delays would have expired for the perfecting of the appeal prior to the posting of the bond.
The judgment complained of in this appeal awards to the plaintiff-appellee the custody of the two children born of this marriage. The defendant-appellant would seek to have this portion of the judgment reversed in this appeal.
Under the provisions of LSA-C.C.P. Article 3943, an appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in LSA-C.C.P. Article 3942. The appeal from the custody portion of the judgment must and does meet the same fate of that portion of the judgment awarding the separation between the parties.
Under the authority of Orrell v. Southern Farm Bureau Casualty Ins. Co. (1965), 248 La. 576,180 So.2d 710, wherein the Supreme Court said “ * * * jurisdiction of the trial court is not divested and that of the appellate court does not attach unless the appeal bond is filed in the trial court within the time allowed by law for taking the appeal. * * this court has acquired no jurisdiction on this case. Also see Bulk Transport v. General Truck Drivers, La.App., W. & H. L. U., 195 So.2d 159.
For the foregoing reasons, this appeal is dismissed at appellant’s cost.
Appeal dismissed.