LANDRY, Judge.
Petitioners Joseph Crawford and Claire Bishop Crawford (husband and wife), the former individually and as tutor of his minor child, Cherie Ann Crawford, and the latter for her own use and benefit, appeal the judgment of the trial court praying for an increase in damages awarded for personal injuries sustained in a three car collision which occurred on a narrow bridge across. Bayou St. Vincent, in St. Tammany Parish on February 17, 1964. We find these appeals as well as the answer Ithereto by the hereinafter named defendants, must be dismissed because of appellants’ failure to timely file their appeal bonds.
It suffices to relate that on the date in question an accident transpired when appellant, Mrs. Cláire B. Crawford, accompanied by her minor daughter, Cherie Ann, was in the act of driving across the aforementioned bridge in the Crawford family car. It is conceded a light rain was falling at the time.
The bridge in question is what is known as a “one way bridge” in that it is admittedly only approximately 17 feet in width. It further appears that there are two “steel runners” over the surface of the bridge evidently for vehicles to travel upon going in either direction. As Mrs. Crawford approached the bridge traveling in a westerly direction, Mrs. Charles V. (Helen J.) Brandt, who was driving easterly, also approached the bridge and entered the west end of the structure at about the same time Mrs. Crawford drove onto the east end. Both Mrs. Crawford and Mrs. Brandt were familiar with the bridge in question having traversed it on numerous prior occasions. As the Crawford and Brandt vehicles neared each other both drivers slowed the speed of their cars and pulled over toward the railing of the bridge as far as possible and thus prepared to pass. Shortly before the Crawford and Brandt vehicles actually met, a third automobile, a Volkswagen being driven westerly by Martha Ann Crawford, the minor daughter of Andrew J. Crawford (now Mrs. Martha Ann Barbier), ran into the rear of appellants’ automobile. A fourth car, a Ford Station Wagon being driven westerly by Charles W. Wagner, following behind the Volkswagen, ran into the rear of the Volkswagen causing it to strike plaintiff’s vehicle a second time. While plaintiffs allege their vehicle was also struck by the Brandt vehicle, this assertion is vigorously contested.
As a result of the foregoing incident, plaintiffs instituted suit against the following defendants: (1) Andrew J. Crawford, father of the minor Martha Ann Crawford Barbier; (2) Crawford’s insurer, Zurich Insurance Company (Zurich); (3) Charles W. Wagner; (4) Wagner’s insurer, The Travelers Insurance Company; (5) Charles V. Brandt, and (6) Helen J. Brandt.
*91 Defendants Andrew J. Crawford and Zurich brought third party demands against all remaining respondents. After trial on the merits judgment was rendered in favor of plaintiff Claire B. Crawford against Andrew J. Crawford and Zurich for personal injuries in the sum of $1,500.00. Judgment was also rendered in favor of petitioner Joseph Crawford against defendant Andrew J. Crawford and Zurich in the sum of $2,659.27 for damages to the Crawford car and special damages recoverable for Mrs. Claire Crawford and the minor Cherie Ann Crawford.
Plaintiffs’ principal demands against all remaining defendants, as well as the third party demands of Andrew J. Crawford and Zurich, were dismissed.
The sole appellants are plaintiffs Mr. and Mrs. Joseph Crawford who seek an increase in the awards allotted below. Defendants Andrew J. Crawford and Zurich have answered plaintiffs’ appeals praying for rejection of plaintiffs’ claims in toto on the ground Mrs. Claire Crawford was guilty of contributory negligence proximately causing the accident. Alternatively said appellees reurge their third party demands against the remaining defendants and, in the further alternative, pray that the awards to plaintiffs be reduced.
The record discloses that the judgment herein appealed was read, rendered and signed in open court on December 5, 1966. It further appears all parties were entitled to notice of judgment which the record shows was mailed to each counsel of record on December 6, 1966. No application for new trial was filed on behalf of either appellant herein. However, on December 20, 1966, appellants moved for and were granted a devolutive appeal returnable to this court on March 18, 1967, conditioned upon appellants furnishing bond in the sum of $200.00. The bond required was filed March 14, 1967.
In clear and unmistakable language LSA-C.C.P. Article 2087(1), as amended by Act 92 of 1962, provides that if no application for new trial is timely made, a devolutive appeal from a judgment complained of must be taken and the security therefor furnished within 90 days of the expiration of the delay for taking a new trial.
LSA-C.C.P. Article 1974, as amended by Act 23 of 1961, stipulated that the delay for applying for a new trial shall be three days, exclusive of legal holidays, commencing the day after judgment is signed. When notice of judgment is required, however, the delay commences on the day after the clerk has mailed or the sheriff served the notice of judgment required by LSA-C.C.P. Article 1913. As hereinabove shown the required notice was mailed to counsel for appellants on December 6, 1966.
We note judicially that December 5, 1966, was a Monday and December 6, 1966, a Tuesday. Inasmuch as notice of judgment was mailed counsel for appellants on December 6, 1966, the three day delay for applying for a new trial commenced December 7, 1966, a Wednesday, and expired December 9, 1966, a Friday. It is further observed that neither December 7th, 8th or 9th, 1966, were legal holidays. Consequently, the ninety day delay for taking a devolutive appeal herein commenced December 10, 1966, and expired March 9, 1967.
It is now well settled that when an appellant fails to perfect his appeal by timely filing the appeal bond as required by LSA-C.C.P. Article 2087, the appellate court is without jurisdiction to hear the matter and must ex proprio motu dismiss the appeal with prejudice. Succession of Jackson, La.App., 198 So.2d 749, and authorities therein cited.
The disposition of the answers to plaintiffs’ appeals taken by defendants Andrew J. Crawford and Zurich appears to present a res nova question for solution. Our research discloses no statute or prior jurisprudence dealing with this novel situation.
*92 In our view there can be no answer to an appeal which does not exist and cannot be considered by an appellate tribunal. The efficacy of an answer to an appeal is necessarily contingent upon the presence of a valid outstanding appeal over which the appellate court has jurisdiction and may hear and adjudicate. If the jurisdiction of the appellate court never attaches insofar as concerns the appeal proper, it follows that neither does jurisdiction attach as regards an answer to such an appeal.
Accordingly, the appeals herein taken and the answers thereto filed on behalf of defendants Andrew J. Crawford and Zurich Insurance Company are dismissed at the cost of plaintiffs-appellants Joseph Crawford and Claire Bishop Crawford.
Appeals dismissed.