SARTAIN, Judge.
Plaintiff, defendant in reconvention, Laura Manderfield, has appealed from a judgment of The Family Court for the Parish of East Baton Rouge. The trial judge rejected her claims on the main demand and granted judgment against her on her husband’s reconventional demand and decreed a judgment of separation in his favor.
For reasons hereinafter stated this appeal cannot be considered by us and must be dismissed ex proprio motu because appellant failed to timely post her appeal bond as required by law.
The record shows that this matter was heard on the merits on May 7, 1968. At the conclusion of the trial and for oral reasons .assigned, the trial judge rendered the judgment that is now appealed. This judgment was signed on May 15, 1968. Notice of the signing of the judgment was not required. (C.C.P. Art. 1913).
Appellant did not apply for a new trial and the delays for such application expired on May 20, 1968. (C.C.P. Art. 1974). On May 21, 1968 the delays commenced to run for the application and perfection of a devolutive appeal. See C.C.P. Articles 3942 and 3943.
On June 12, 1968 appellant applied for a devolutive appeal which was returnable to this court on September 12, 1968 and conditioned upon her furnishing bond in the sum of $150.00.
The bond was not filed until June 20, 1968, one day too late. According to our calculations the dates of May 21 through June 19, 1968 inclusive, comprise the thirty days within which appellant must have furnished bond so as to have vested this court with jurisdiction. Arnold v. Arnold, 217 La. 362, 46 So.2d 298; State Through the Department of Highways v. Nevils, La.App., 198 So.2d 706; Loftin v. ICnost, La.App., 197 So.2d 910; Dupre v. Hartford Accident and Indemnity Company, La.App., 197 So.2d 119.
 The additional relief sought herein by defendant-plaintiff in reconvention, who did not appeal, cannot be considered by us because of the failure of the main appeal and our lack of jurisdiction in the premises. See Crawford v. Zurich Insurance Company, La.App., 209 So.2d 89.
Accordingly, it is ordered and decreed that the appeal of plaintiff, Laura Man-derfield, be and the same is hereby dismissed at her cost.
Appeal dismissed.