ELLIS, Judge.
This is an appeal from a judgment awarding alimony to Betty P. Vignes, the divorced wife of John T. Vignes. Oral argument was heard on the question on May 9, 1969, and the court rendered judgment on that day without taking the case under advisement. The judgment was signed on May 14, 1969. On June 2, 1969, John T. Vignes was granted a devolutive appeal to *583 this court conditioned on his furnishing bond in the sum of $800.00. This bond was filed on July 7, 1969, almost two months after the judgment was signed, and over 30 days after the motion for the appeal.
Under the provisions of Articles 3942 and 3943 of the Code of Civil Procedure, an appeal from a judgment awarding alimony must be perfected within 30 days of the expiration of the delay for applying for a new trial. Articles 1974 and 2087, Code of Civil Procedure. Under Article 1913, no notice of judgment was required in this case, since it was not taken under advisement and no request was made for notice of the date that judgment was signed.
Appellant points out that Article 2087 provides that the appeal must be taken and security furnished within 90 days, but that Articles 3942 and 3943 require only that the appeal be taken within 30 days. He reasons that the Code intends only that the motion for appeal in a case such as this be filed within 30 days, and appellant may file his bond at any time within the 90 day period. This argument is without merit, since it would have the effect of extending the appeal delay to 90 days, which is obviously not intended by the Code. The issue has already been settled by us in the cases of Bowden v. Bowden, 203 So.2d 879 (La.App. 1 Cir. 1967), and Castille v. Castille, 221 So.2d 834 (La.App. 1 Cir. 1969).
In this case, the last day for applying for a new trial was May 19, and the delays for the appeal began to run on May 20. The 30th day after that date was June 18, which was the last day an appeal could be taken from the judgment complained of. Since the bond was not filed until July 7, the appeal was not perfected timely. Under the express provisions of Article 2088 of the Code of Civil Procedure, this court is without jurisdiction. The appeal is therefore dismissed at appellant’s cost.
Appeal dismissed.