REDMANN, Judge.
Plaintiff appeals from- a judgment dismissing his suit for separation from bed and board and claim for alimony pendente lite, and granting a separation and, in effect, alimony on his wife’s reconventional demand.
Oral argument on the merits was had, from which it appeared to us that the judgment appealed from would have to be affirmed; but we find that we cannot consider that question.
On inspection of the record we find that the appeal must be dismissed because the appeal bond was not timely filed and we accordingly have no jurisdiction. We are obliged on our own motion to notice lack of jurisdiction; Orrell' v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1965).
Notice of the December 17, 1969 judgment was mailed to counsel on December 18, thus allowing Friday the 19th and Monday and Tuesday the 22d and 23d as the delay for applying for a new trial, C.C.P. art. 1974. C.C.P. art. 2087(1) fix *79 es the beginning of the delay for taking an appeal at “the expiration of the delay for applying for a new trial * * * ” where no application is timely filed. An appeal from a judgment granting a separation “can be taken only within thirty days”, C.C.P. art. 3942, “from the applicable date provided in Article 2087(l)-(3).” The same is true as to alimony judgments, art. 3943. Thus the appeal from the judgment here had to be taken within 30 days of December 23, 1969, or not later than Thursday, January 22, 1970. The bond specified in the order of appeal was not filed until January 23, and we therefore have no power to review that judgment now but must dismiss the appeal; Pennison v. Pen-nison, 157 So.2d 628 (La.App. 1963), writ refused 245 La. 585, 159 So.2d 290; Brown v. Brown, 180 So.2d 106 (La.App.1965); Bowden v. Bowden, 203 So.2d 879 (La.App. 1967), Manderfield v. Manderfield, 221 So. 2d 898 (La.App. 1969). See also Schneider v. Manion, 217 La. 118, 46 So.2d 58 (1950); but note that holidays are no longer excluded in the computation of the delay, C.C.P. art. 5059.
The appeal is accordingly dismissed.
Appeal dismissed.