TUCKER, Judge.
Zainuddin S. Karu, plaintiff herein, a twenty-seven year old married foreign student, a native of Bombay, India, who was attending Louisiana State University to earn a Master’s degree in Mechanical Engineering, sued for injuries sustained when two German shepherd dogs belonging to *484 the defendant, Daly C. Lavergne, attacked him at his place of residence in the Palms Apartment on Lake Street in Baton Rouge, La., on June 20, 1968. He joins in the suit J. A. Rockhold, President of the University Development Corporation which wholly owned the Palms Apartment, and its alleged insurer, Insurance Company of North America, against which parties the suit was subsequently dismissed.
Plaintiff Karu was seriously injured by defendant Lavergne’s dogs and was obliged to drop out of L.S.U. and defer his education for a year. At the time of the trial in the lower court he still sustained a thirty-five per cent (35%) disability of his left arm and was unable to lift anything with his left hand except moderately light objects. Additional surgery was needed to correct his injuries. He sued for Thirty-seven Thousand Five Hundred Forty Dollars ($37,540.00) for his injuries, medical expenses, loss of time in school, and loss of earnings.
J. A. Rockhold, and the Continental Casualty Company, later brought in as his insurer, denied any liability, but, in the event that they should be found liable, they filed a third party petition against Daly La-vergne, alleging that they were only vicariously liable, and were entitled to indemnification from defendant Lavergne.
The lower court found the dog-owner, Daly C. Lavergne, liable to Mr. Karu in the amount of Eleven Thousand, Three Hundred Fifty Dollars ($11,350.00) plus legal interest thereon from the date of judicial demand until paid. The lower court based its judgment of liability on R.C.C. art. 2321 as interpreted by the jurisprudence of Louisiana, saying (Tr. 62) “Thus whether we adopt the strict liability, the slightest fault, or the presumption of fault lines, the conclusion will be the same.” The court rejected the plaintiff’s demands against the lessor J. A. Rockhold, president of the University Development Corporation, and the Continental Casualty Company. The court further rejected the third party demands of the latter two defendants against Lavergne. From this judgment there have been appeals as set forth below.
Mr. Karu appealed timely from the judgment below rejecting his demand against the lessor, J. A. Rockhold, and the Continental Casualty Company.
The appellant Karu specifies error by the lower court in failing to hold that the apartment owner should have known of the risk involved to other tenants in permitting Lavergne to keep such inherently dangerous dogs on the premises, and also in holding that the dogs involved did not constitute “vices and defects” within the meaning of R.C.C. art. 2695. J. A. Rockhold and Continental Casualty Company answered, prayed that the judgment of the lower court be affirmed, and in the alternative, that should this judgment be modified in any way, they be allowed recovery on their third-party demand against Daly C. La-vergne.
The defendant Lavergne also appealed the judgment against him, denying any liability to Karu for the dogs’ biting him, and alleging the contributory negligence of plaintiff Karu.
Plaintiff Karu answered Lavergne’s appeal by re-affirming his allegations of liability under R.C.C. art. 2321, and by asking for an increase in the lower court’s award of damages.
The record reflects that the defendant Lavergne did not perfect his appeal timely. The judgment in the lower court was signed and notice given thereof on November 17, 1970 (Tr. 67), which means that the three day period for applying for a new trial, under the provisions of LSA-C.C.P. Art. 1974, where a notice of judgment is required, commenced to run on November 18, 1970, and expired at the conclusion of Friday, November 20, 1970, no legal holidays having intervened.
*485 Under the provision of Code of Civil Procedure Art. 2087 an appellant has ninety days from the expiration of the period for applying for a new trial within which to furnish security for a devolutive appeal. In the instant case this ninety day period expired on February 18, 1971. Although defendant-appellant Lavergne filed a motion for an appeal on February 17, 1971, returnable on April 15, 1971, he did not file his bond until March 12, 1971, far too late for the perfecting of his appeal to this court. The judgment of liability rendered against him in the lower court must, therefore, stand as given.
The plaintiff Zainuddin Karu appealed timely, but only against the lessor, Mr. J. A. Rockhold, the University Development Corporation, and its insurer Continental Casualty Company; and therefore, his appeal will be limited to these parties. It was only in answer to defendant La-vergne’s appeal that the plaintiff raised the issue on appeal of an increase in the quantum awarded him by the lower court. Since this appeal has failed due to the untimely filing of the devolutive appeal bond, no answers or issues incidental to it can be entertained by this court.
See the case of Crawford v. Zurich Insurance Company, 209 So.2d 89 (La.App. 1st Cir.1968) in support of the proposition that the effectiveness of an answer to an appeal depends upon the validity of “an outstanding appeal over which the appellate court has jurisdiction” which may be heard and adjudicated. Since the jurisdiction of this court did not attach with respect to the appeal proper of Lavergne, we are without jurisdiction to consider Karu’s answer to Lavergne’s invalid and ineffective appeal.
The sole issue now facing this court is the contention of Karu that the lessor and its insurer are vicariously liable to plaintiff for his damages under R.C.C. Arts. 2692 and 2695. There seems to be little or no evidence to support liability under either of the two articles. The lessor delivered the thing leased to the plaintiff, maintained it in a condition such as to serve the use for which it was intended, and did nothing to interfere with plaintiff’s peaceable possession of the premises throughout his lease, all as required by Article 2692. To hold that dogs, on the grounds of the building in which Karu rented an apartment, were defects of the thing leased would involve extending Article 2695 far beyond an intention of the redactors of the Revised Civil Code. Karu did not lease the yard in which the dogs were kept; nor did he have any special lease upon the common walkway on which he was attacked by the dogs. Reading C. C. Articles 2692-2700 together, one is faced with the obvious intention of the code redactors to address themselves to the physical defects of the thing leased.
On the other hand, if the question of the liability of the lessor is based upon the fault or negligence theories under C.C. Arts. 2315 and 2316 as set forth in plaintiff’s original petition (Tr. 3) as distinguished from the absolute liability provided in Art. 2695, the trial court did not find any actionable fault or negligence in the lessor or its agents, and we concur in this finding of the judge a quo. It is true that the agents of the lessor corporation had knowledge of the presence of the dogs, and that lessor’s standard form of lease prohibited large dogs from being kept on the leased premises, and that the lessor had made an exception to the wording of its lease form in allowing the dogs to be kept on the premises. Admittedly, however, the animals were enclosed in a six foot high, concrete-based, chain-linked fence most of the time, and the lessor nor its agents had any substantial reason to believe that on the rare occasions when the dogs were released from their enclosure that the owners would not properly superintend the dogs so as to prevent their injuring third persons. Although the lease used for the apartment *486 complex in which the plaintiff and the defendant Lavergne both lived prohibited the keeping by the tenant of large dogs, Raymond Rockhold, an agent for the corporation which owned the apartments in question, had given Lavergne oral permission to keep the German shepherd dogs. Since Lavergne had previously been a tenant, he was not required to sign a lease when he re-leased the apartment in which he was living at the time of the accident.
Lavergne released the dogs from this enclosure for exercise on occasion, usually taking them to the L.S.U. campus, sometimes with and sometimes without a leash. The dogs spent about 99% of their time in the enclosed yard, and were never released unaccompanied either by Mr. and/or Mrs. Lavergne. Although the dogs barked and sometimes lunged against their fence, there does not seem to be substantial evidence of any asserted viciousness prior to the time that the animals attacked Karu.
There is no evidence to show that the agents and employees of the lessor corporation were ever informed or forewarned of the vicious character of the Lavergne dogs. The only case cited by the plaintiff to support his position on this score emanates from the State of New York, and it is inapposite for the reason that in the cited case the offending dog was owned by the lessor.
The lessor and its insurer are not responsible in damages for plaintiff’s injuries and expenses.
For the reasons hereinabove set forth, the appeal of defendant-appellant, Daly C. Lavergne, and the answer to this appeal by plaintiff-appellee, Zainuddin S. Karu, are dismissed and not considered.
The judgment of the trial court is affirmed, and the defendant, Daly C. La-vergne, is cast with all costs of court.
Affirmed.