PRICE, Judge.
This is an appeal from a judgment of the district court finding the plaintiff, Ar-dell Hunt Kinnaird, was entitled to permanent alimony, and in such necessitous circumstances that she was entitled to the sum of $100 per month from her former husband, Newton Amon Kinnaird.
Judgment was signed on August 17, 1971, and a written order was obtained by defendant on the same date for an appeal to this court conditioned on the furnishing of a bond in the sum of $500. The appeal was made returnable on or before October 18, 1971. The bond was not filed until October 14, 1971, more than thirty days after the expiration of the period of filing an application for a new trial, but prior to the expiration of the return date.
On oral argument of the case in this court, counsel for appellant was advised by the court of the apparent lack of jurisdiction as the record reflected the appellant had not perfected the appeal timely by furnishing the security therefor within the time prescribed by La.Code of Civil Procedure Articles 3942, 3943 and 2087 as interpreted by the jurisprudence. Counsel was granted permission to file a special brief on this issue and has submitted to us a very thorough and scholarly brief on this subject. Although plaintiff has filed no opposition to defendant’s right of appeal, this court must ex proprio motu recognize its lack of jurisdiction. Orrell v. Southern Farm Bureau Casualty Insurance Company, 248 La. 576, 180 So.2d 710 (1965); Brown v. Brown, 180 So.2d 106 (La.App. 2d Cir., 1965).
Appellant in brief advances two arguments in support of his position that the appeal was properly taken and this court is vested with jurisdiction: (1) Articles 3942 and 3943 of the La.Code of Civil Procedure (specially providing for appeals from judgments awarding alimony) do not re *804 quire the furnishing of security in connection with appeals thereunder, therefore, the requirement of a bond in the order of appeal was mere surplusage and appellant’s appeal was perfected on the granting of the order of appeal. (2) Even if security is required on appeal under Articles 3942 and 3943, appellant has ninety days in which to furnish security under Article 2087, because Articles 3942 and 3943 are exceptions to Article 2087 only as to the time for “taking” the appeal and are not exceptions as to the time for furnishing security.
We are of the opinion the case of Brown v. Brown, supra, decided by this court is dispositive of the first argument advanced by appellant. In the Brown case this court was presented an identical argument arising from a suspensive appeal under Article 3942 and answered the question as follows:
“There are two general types of appeals, i. e., devolutive and suspensive. It seems obvious, and we so hold, that the appeal provided for in Article 3942 of the Code of Civil Procedure is a suspen-sive appeal. Louisiana Code of Civil Procedure Article 2124 sets forth the manner and methods of fixing the security for costs for all appeals, and the concluding paragraph thereof provides:
‘Both devolutive and suspensive appeal bonds shall afford security for the payment of.all appellate costs paid by the appellee, and all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal.’ ”
The same reasoning applied by the court in the Brown decision in holding security is required should equally apply to a devolutive appeal arising under Article 3943.
Appellant’s alternative argument that his bond was furnished timely is based on the assertion that the several Court of Appeal cases which have held the exception to the delay for taking an appeal provided for in Articles 3942 and 3943 have erroneously read into these articles the same requirement for the filing of security, a requirement which is clearly not set forth in the language of these articles, and, therefore, if any security is required, it may be furnished within ninety days as generally provided for devolutive appeals in Article 2087.
Although appellant is very persuasive in his analysis and argument based primarily on the wording of the codal articles involved, we feel constrained to follow the prior decision of this circuit in the cases of Wynder v. Wynder, 240 So.2d 425 (La.App.2d Cir. 1970); Lenard v. Johnson, 248 So.2d 841 (La.App.2d Cir. 1971), and the case of Vignes v. Vignes, 236 So.2d 582 (La.App. 1st Cir., 1970), writs refused, 256 La. 865, 239 So.2d 362 (1970), which squarely ruled on this question.
In the Vignes case, the First Circuit followed its previous decision in Bowden v. Bowden, 203 So.2d 879 (La.App. 1st Cir. 1967) and rejected the appellant’s argument that the appeal may be “taken” in accordance with the delay provided by Articles 3942-3943, but security furnished within the ninety day period provided by Article 2087. We deem the Vignes case in which writs were denied by the Supreme Court to be the controlling law on this subj ect.
For the foregoing reasons, we find this court is without jurisdiction to consider this matter, and the appeal is dismissed at appellant’s cost.