PONDER, Judge.
This appeal is from a judgment of the Family Court for the Parish of East Baton Rouge granting a divorce, child support and permanent alimony. This court, ex proprio motu, noted an apparent defect in that the appeal bond was not timely filed, and issued a show cause order.
The only question is whether an appeal bond on an appeal from a divorce judgment also awarding alimony and child support must be furnished within thirty days.
The chronology of events is that a judgment was signed on July 15, 1976. No motion for a new trial was made. An order of appeal was signed on August 18, 1976, but the appeal bond was not executed until September 20, 1976.
. We believe this appeal must be dismissed.
LSA-C.C.P. Articles 3942 and 3943 read as follows:
Art. 3942. Appeal from judgment granting or refusing annulment, separation, or divorce
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-(3).
“Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.”
Art. 3943. Appeal from judgment awarding custody or alimony
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
Plaintiff contends that LSA-C.C.P. Article 2087[1] allows security to be furnished on all devolutive appeals within 90 days. However, the article begins “Except as otherwise provided in this Article or by other law, . . .” Article 3943 is an excep *277 tion to Article 2087, and security must be furnished within thirty days. See Bowden v. Bowden, 203 So.2d 879 (1st Cir. 1967); Vignes v. Vignes, 236 So.2d 582 (1st Cir. 1970), writ denied 256 La. 865, 239 So.2d 362; Kinnaird v. Kinnaird, 260 So.2d 802 (2nd Cir. 1972) writ denied 261 La. 1065, 262 So.2d 44.
This court is- without jurisdiction. See LSA-C.C.P. Article 2088. The appeal is therefore dismissed at appellant’s cost.
APPEAL DISMISSED.

. Art. 2087. Delay for taking devolutive appeal
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
*277 (2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first Paragraph of this Article, or within ten days of the granting of the first devolu-tive appeal in the case, whichever is later.”