PER CURIAM.
Upon lodging of the record in this case involving a judgment denying a wife a separation from bed and board, the court noted probable lack of jurisdiction due to failure of the appellant to post an appeal bond within the thirty-day period for taking an appeal provided by LSA-C.C.P. Art. 3942. Appellant was advised to show cause why the appeal should not be dismissed.
In response, counsel for appellant filed an excellent and authoritative brief, urging that: (I) the Code of Civil Procedure, particularly Article 3942, does not require a bond for an appeal from a judgment rejecting a petition for separation from bed and board; (2) the court cannot read words into a legislative expression unless the terms of the statute are ambiguous; (3) an appeal bond is not necessary to secure the husband for costs or damages where a separation is denied, since these charges must be satisfied by the husband as head and master of the community; (4) the law does not require vain and useless acts; (5) the rule of stare decisis does not apply in Louisiana and the court should not follow previous decisions inadvisedly rendered; and (6) the right to appeal is favored and an appeal should be sustained whenever possible.
This court has carefully considered the arguments presented, but adheres to the rule and rationale of the numerous cases holding that a bond must be filed within the delay provided in LSA-C.C.P. Arts. 3942 and 3943 in order to perfect an appeal from the types of judgments described in those articles. See Malone v. Malone, 282 So.2d 119 (La.1973); Gates v. Gates, 341 So.2d 574 (La.App. 2d Cir. 1977); Kinnaird v. Kinnaird, 260 So.2d 802 (La. App. 2d Cir. 1972), writ refused 261 La. 1065, 262 So.2d 44 (1972); Wynder v. Wynder, 240 So.2d 425 (La.App. 2d Cir. 1970); Brown v. Brown, 180 So.2d 106 (La.App. 2d Cir. 1965).
Because the appeal was not timely perfected, this court lacks jurisdiction and the appeal must be and is dismissed at appellant’s costs.
Parenthetically, it is noted that Act 176 of 1977, amending LSA-C.C.P. Art. 2124, does away with the requirement of security for devolutive appeals in all cases in which the order of appeal is granted on or after January 1, 1978.
Appeal dismissed.