469 So.2d 495 (1985)
Tim BOETTGER, Plaintiff-Appellee,
v.
EARLY AMERICAN INSURANCE COMPANY OF MONTGOMERY, Alabama, et al., Defendants-Appellants.
No. 84-465.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*496 Brittain and Williams, Joe Payne Williams, Natchitoches, for plaintiffs-appellants.
Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur, Natchitoches, for defendant-appellee.
Kelly and Salim, Robert L. Salim, Natchitoches, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether there was joint or pro-rata insurance coverage, provided under the terms of a policy of insurance, for an accident occurring on land leased by an owner to a tenant.
This suit arises out of an incident in which plaintiff's two year old minor daughter was injured when she was attacked and bitten by a doberman pinscher dog owned by Luther Lott, Jr. The occurrence took place on May 23, 1983 at the mobile home of Luther Lott, Jr. which was located on property owned by his father, Luther Lott, Sr.
Plaintiff, Tim Boettger, individually, and on behalf of his minor daughter, Lindsay Boettger, (hereinafter plaintiff) filed suit against Luther Lott, Jr., (hereinafter defendant) his homeowners liability insurer, Early American Insurance Company, (hereinafter Early American) and Phoenix Insurance Company, (hereinafter Phoenix) the homeowners liability insurer of defendant's father, Luther Lott, Sr. Early American and defendant, Luther Lott, Jr., filed a third party demand against Phoenix for contribution claiming that defendant, Luther Lott, Jr., was an omnibus insured under the terms of Phoenix's policy of insurance issued to Luther Lott, Sr.
All claims arising out of the child's personal injuries were settled out of court prior to trial for the sum of $80,000.00. Early American contributed $75,000.00 and Phoenix contributed $5,000.00 to this settlement.
The trial court, after trial on the merits of the third party demand, found that Phoenix was not liable to Early American and defendant, Luther Lott, Jr., for contribution to them, under its policy of insurance issued to Luther Lott, Sr., and dismissed their third party demand. We affirm.

FACTS
The evidence presented at trial established that Luther Lott, Sr. was the owner *497 of a 46 acre tract of land in Natchitoches Parish, Louisiana. He had given his son, Luther Lott, Jr., one of the defendants, verbal permission to fence off one of these 46 acres and move his family mobile home onto the land. There was no written lease or formal agreement. Lindsay Boettger and her parents were visitors at the mobile home of Luther Lott, Jr. when his doberman pinscher dog bit the child causing serious facial injuries. It was established that Luther Lott, Sr. had nothing to do with the dog, that he was not the owner of the dog, and that he had no control whatsoever over the dog.
Luther Lott, Sr. had obtained a policy of homeowners insurance from Phoenix Insurance Company with a farmer's comprehensive personal liability endorsement on the policy covering his entire 46 acre tract of land. Phoenix contends that under this policy of insurance there was no coverage for the accident because the dog was not owned by Luther Lott, Sr., the only named insured under its policy, and because the owner of the dog, defendant Luther Lott, Jr., was not an insured under its policy since he was not a resident of the named insured's household at the time of the occurrence.
Section B, Coverage N of the Farmer's Comprehensive Personal Liability policy issued by Phoenix to Luther Lott, Sr. provides in pertinent part as follows:
"The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this section applies, caused by an occurrence ..."
Paragraph 3a. of the general conditions in the Phoenix policy defines the insureds under the policy as follows:
"When used in this policy the following definitions apply:
* * * * * *
(a)"Insured" means
(1) the Named Insured stated in the Declarations of this policy:
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; and
(3) under Coverage N and Coverage O:
(i) with respect to animals or watercraft to which this insurance applies, owned by any Insured, any person or organization legally responsible therefor, except a person or organization using or having custody or possession of any such animal or watercraft in the course of his business or without the permission of the owner; and"
Paragraph 3b. of the general conditions of the Phoenix policy defines the insured premises as:
"(b) "insured premises" means the residence premises described in the Declarations of this property."
Early American and defendant, Luther Lott, Jr., contend that because the accident occurred on the named insured's 46 acre tract the defendant, Luther Lott, Jr., was an omnibus insured under the terms of the Phoenix policy. They contend that Phoenix, as an omnibus insurer of the defendant, Luther Lott, Jr., is jointly liable with them for a pro-rata share of the amount of the settlement made with the plaintiffs and a pro-rata share of the court costs and seek contribution from Phoenix for one-half of the amount of the settlement and court costs.
The policy by its designation and name, i.e. "Homeowners" is sold and intended to provide insurance coverage to the owners of the insured premises and resident members of the owner's household occupying the insured premises. Burglass v. U.S. Fidelity & Guar. Co., 427 So.2d 596 (La. App. 5th Cir.1983). The Phoenix policy provides that the named insured is Luther Lott, Sr. The defendant, Luther Lott, Jr., was not named as an insured nor was he a resident member of the household of his father, Luther Lott, Sr., the named insured at the time of the accident. He was only a tenant in a mobile home located on an acre of land which his father owned and allowed *498 him to use. At the time of the accident, Luther Lott, Jr. was not only the owner of the dog, but he had the possession, custody and control of the dog, and, as such, was legally responsible for the dog's actions. On the other hand, Luther Lott, Sr. had nothing to do with the dog, was not the owner, and had no control whatsoever over the dog.
Insurance policies are to be construed in their ordinary and popular sense with any ambiguities construed against the insurer which prepared the policy and in favor of coverage. Insurance Co. of North America v. Solari Parking, 370 So.2d 503 (La.1979). In this case we find that there are no ambiguities in the Phoenix policy. It was written to cover the named insured, Luther Lott, Sr., and the members of his family residing with him in his household on the insured premises. We hold, therefore, that under the circumstances presented here there was no coverage under the Phoenix policy for defendant, Luther Lott, Jr., as an omnibus insured.
For there to be coverage under the terms of the Phoenix policy the named insured, Luther Lott, Sr., would have to be liable for the injuries of plaintiff's child. The mere presence of dogs belonging to a tenant do not constitute "vices and defects" of the leased premises so as to make the owner liable to others for injuries caused by the tenant's dogs. Karu v. Lavergne, 255 So.2d 483 (La.App. 1st Cir. 1971), writ denied 260 La. 703, 257 So.2d 156 (1972). An owner owes no duty to a tenants' guests injured by a tort committed by a third party and occurring on the leased premises. Landry v. St. Charles Inn, Inc., 446 So.2d 1246 (La.App. 4th Cir. 1984). An owner of leased premises cannot be held strictly liable to a third person for injuries caused by his tenants' animals. Parr v. Head, 442 So.2d 1234 (La.App. 5th Cir.1983). We do not find that Luther Lott, Sr., as the owner of the land where the accident occurred, is liable to the plaintiff for the injuries to his child caused by the dog owned by defendant, Luther Lott, Jr., the tenant of his father's property where the accident occurred.
For the reasons set forth, the judgment of the trial court is affirmed. Costs are assessed against the third party plaintiff-appellant, Early American Insurance Company of Montgomery, Alabama.
AFFIRMED.