DOUCET, Judge.
Rodney Dupre, individually and as administrator of the estate of his minor daughter, Brances Dupre, brought this suit as a result of an accident that occurred at a trailer park, owned by defendant, Huey *229 Miller (hereinafter referred to as Miller), and located in Opelousas.
At the time of the accident, Branees Dupre, who was 16 years old, lived with her parents in Miller’s trailer park where they leased a trailer from defendant. Located toward the front of the trailer park was a duplex apartment building, which defendant had leased to Ms. Delores Ran-son. On the porch of the duplex apartment building was a public telephone, available for use by all of the tenants of the trailer park. Ms. Ranson owned a pet dog named “Wolf” which often lay on the front porch of the duplex building where the public phone was located. “Wolf” was neither leashed nor penned. Testimony at trial from both the plaintiff and the defendant shows that “Wolf” was not a mean or vicious dog and had never been known to attack, bite, bark, or display any aggressive acts toward anyone. Instead, he was a friendly dog.
On the day of the accident, Branees was notified that she had a telephone call waiting for her on the front porch of Ms. Ran-son’s apartment building. As Branees climbed the steps leading up to the porch, “Wolf” approached and affectionately put his paws on the young girl’s chest. This caused Branees to slightly lose her balance. She did not fall but the top of her right foot came in contact with one of the steps to the porch and, as a result, she suffered a contusion of her right foot.
As a consequence of the accident, the plaintiff filed a lawsuit against Miller and his homeowner’s insurer, New Hampshire Indemnity Company. Delores Ranson was not named as a defendant.
A jury found Huey Miller 20% at fault, Delores Ranson 60% at fault, and Branees Dupre 20% at fault in causing the accident. Miller and his insurer appealed, and the Dupres answered the appeal. On appeal, the defendants argued that the jury erred in finding Huey Miller at fault in causing the accident. We reverse the judgment against Huey Miller.
Liability on the part of a lessor can be founded on negligence under articles 2315 or 2316. However, in order to find liability under these articles there must be a showing that Miller owed a duty to Branees Dupre. ' An application of duty-risk principles clearly reveals that no such duty was owed. Hill v. Lundin & Associates, Inc., et al., 260 La. 542, 256 So.2d 620 (1972).
The principal juridical element of an action in negligence is a duty, apparent to reason and common sense, to avoid acts and omissions which engender an unreasonable risk of harm to others. Stephens v. State, Through Dept. of Transp., 440 So.2d 920 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 1119 (La.1984). In the present case, the record shows that Miller never received any complaints about the dog. Had he known all there was to know about the dog on the porch, he would have known only that there was a friendly dog there, not a vicious, mean one. Under these facts, Dupre has failed to show that this dog engendered an unreasonable risk of harm to others. Therefore, Dupre has not proved the threshold element necessary to find Miller liable under the principles of ordinary negligence. See Karu v. Lavergne, 255 So.2d 483 (La.App. 1st Cir.1971).
There is no legal basis for finding Miller liable on these facts. LSA-C.C. art. 2321 states that the owner of an animal is answerable for the damage it has caused on a strict liability basis. This article does not apply in the instant ease since Miller was not the owner of the dog.
The Dupres rely on LSA-C.C. art. 2695 to impose strict liability on Miller. This article reads:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
*230 Here again, the lessor is not liable because no “vice” or “defect” exists. “Defect” within the meaning of this article means a condition which presents an unreasonable risk of harm and renders the premises unreasonably dangerous in normal use. Ivey v. Housing Authority of City of Mansfield, 514 So.2d 661 (La.App. 2nd Cir.1987). The presence of a friendly dog in this case cannot be considered a condition creating an unreasonable risk of harm rendering the premises unreasonably dangerous in normal use. Therefore, this article does not apply in this case.
Because of our disposition of the issue of liability in favor of Miller, Dupre’s answer to the appeal is moot.
For the above stated reasons, we cannot find Miller liable for any percentage of fault. All costs are to be paid by the plaintiff.
REVERSED.