# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-1095


**MARIE M. COBURN**

**VERSUS**

**JANIS DIXON, ET AL.**


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2014-0366-A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED.**


**David R. Rabalais**
**The Dill Firm**
**P. O. Box 3324**
**Lafayette, LA 70505**
**(337) 261-1408**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **American Empire Surplus Lines Insurance Company**
    **Janis Dixon**
    **Elton J. Bernard**

**Jeffery F. Speer**
**Doucet-Speer, APLC**
**P. O. Drawer 4303**
**Lafayette, LA 70502-4303**
**(337) 232-0405**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Marie M. Coburn**

**PICKETT, Judge.**

Marie Coburn appeals the judgment of the trial court granting a motion for summary judgment in favor of Elton J. Bernard and his insurer, American Empire Surplus Lines Insurance Company (American Empire).

### STATEMENT OF THE CASE

On April 24, 2013, Ms. Coburn suffered serious injuries when she was attacked by a dog owned by Ms. Dixon, her neighbor. On April 8, 2014, Ms. Coburn filed suit against Ms. Dixon and her landlord, Mr. Bernard, and his insurance company, American Empire. Ms. Dixon also worked for Mr. Bernard at his restaurant. In her petition, Ms. Coburn alleged that Mr. Bernard failed to warn of the dangerous propensities of the dog, failed to eliminate the danger of the animal on premises over which he had control, and failed to require his tenant to restrain the dog.

Mr. Bernard and American Empire filed a motion for summary judgment in August 2014. Attached to their motion was an affidavit from Ms. Dixon denying that she owned any dog and a lease agreement clearly stating that no pets were allowed on the leased property. Also attached was an affidavit from Mr. Bernard stating that he did not allow his tenants to have animals on his property, and he did not know to whom the dog that attacked Ms. Coburn belonged. Ms. Dixon admitted at a deposition on September 17, 2014, that the dog belonged to her son and was in fact kept on the property she leased from Mr. Bernard. As a result, Mr. Bernard and American Empire abandoned their original motion for summary judgment.

Mr. Bernard and American Empire filed a second motion for summary judgment on May 18, 2015. In an affidavit attached to this motion, Mr. Bernard

stated that he did not know of the existence of the dog on the property he leased to Ms. Dixon until he was told about her deposition testimony by his attorney. He repeats his statement that he did not know there was a dog on the property at the time of the attack on Ms. Coburn. He also stated that he did not know of the dog's dangerous propensities. The aforementioned lease agreement was also attached to the motion for summary judgment.

In response to the second motion for summary judgment, Ms. Coburn argued that the lease agreement allowed Mr. Bernard to inspect the leased premises, and, if he had inspected the premises, he would have known the dog was on the property. Ms. Coburn also alleges that Mr. Bernard had a relationship with the police in Cottonport, and the police had been called multiple times by neighbors complaining of vicious dogs around Ms. Dixon's residence. Finally, Ms. Coburn included an affidavit from Timothy Carl Guidry, a neighbor of Ms. Dixon, stating that he had called the police multiple times complaining of two dogs at Ms. Dixon's residence either barking late at night or roaming the streets unrestrained.

The trial court held a hearing on the motion for summary judgment on July 13, 2015. The parties agreed that in order to prevail, Ms. Coburn must show that Mr. Bernard knew of the existence of the dog and knew that the dog had dangerous propensities. Mr. Bernard argued that his affidavit denying such knowledge shifted the burden to Ms. Coburn to show that there is a genuine issue of material fact about whether or not he knew about the dog. Counsel for Ms. Coburn argued that he believed Mr. Bernard had inspected the property and knew about the dogs, which he would be able to show if he was given an opportunity to depose Mr. Bernard.

The trial court found that Ms. Coburn had ample time to schedule the deposition of Mr. Bernard. He further found that the evidence before the court presented no genuine issue of material fact about Mr. Bernard's knowledge about the dog that attacked Ms. Coburn, and that Mr. Bernard was entitled to judgment as a matter of law. Ms. Coburn now appeals.

## ASSIGNMENTS OF ERROR

Ms. Coburn asserts two assignments of error:

1.     The trial court erred in granting the Motion for Summary Judgment with regards to American Empire Surplus Lines Insurance Company and Elton J. Bernard.

2.     The trial court erred in its determination that there was no genuine issue of material fact regarding the [Elton J. Bernard]'s knowledge of the dogs on his property.

## DISCUSSION

This court explained the standard of review applied by an appellate court relative to a motion for summary judgment in *Ravey v. Rockworks, LLC*, 12-1305, pp. 2-3 (La.App. 3 Cir. 4/10/13), 111 So.3d 1187, 1189-90:

> When an appellate court reviews a district court's judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.

> A motion for summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966. "[I]f reasonable persons could only reach one conclusion, then there is no need for trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765-66 (*quoting Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A fact is "material" when "its existence or nonexistence

3

may be essential to plaintiff's cause of action under the applicable theory of recovery." *Smith*, 639 So.2d at 751.

Louisiana Code of Civil Procedure Article 966(C)[1] states:

(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The supreme court expounded on the evidence required to rebut a motion for summary judgment in *Bufkin v. Felipe's Louisiana, LLC*, 14-288, p. 11 (La. 10/15/14), 171 So.3d 851, 858 (footnote omitted):

As stated by LSA-C.C.P. art. 967(B), when a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise, must set forth specific facts showing that there is a genuine issue for trial. *See Luther v. IOM Company LLC*, 13-0353 (La.10/15/13), 130 So.3d 817, 822; *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 09-1633 (La.4/23/10), 35 So.3d 1053. Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Dauzat v. Curnest Guillot Logging Inc.*, 995 So.2d at 1187 (citing *Babin v. Winn-Dixie Louisiana, Inc.*, 00-0078 (La.6/30/00), 764 So.2d 37, 40). *See also Alexander v. Toyota Motor Sales, U.S.A.*, 13-0756 (La.9/27/13), 123 So.3d 712, 714 ("All elements must be proven to succeed on this claim; therefore, a lack of factual support for just one element renders summary judgment in favor of [the defendant] appropriate.").

---

[1] The language of La.Code Civ.P. art. 966 has been amended since the hearing in this matter. We quote the statute as it appeared at the time of the hearing.

4

Thus, we must first determine what Ms. Coburn will be required to prove at trial to prevail on her claim against Mr. Bernard and his insurer. Liability of an owner of a dog for damages caused by the animal is governed by Louisiana Civil Code Article 2321:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

In order to establish the strict liability of a dog owner, the supreme court in *Pepper v. Triplet*, 03-619, p. 19 (La. 1/21/04), 864 So.2d 181, 194, stated:

> [T]he plaintiff, in order to establish a claim in strict liability, [must] show that the risk of injury outweighed the dog's utility such that it posed an unreasonable risk of harm. If the animal posed an unreasonable risk of harm, then the owner will be presumed to be at fault, because he failed to prevent an injury he could have prevented, and he will be held strictly liable for an injury caused by his dog, unless he can show that the injury was due solely to the fault of a third party unattributable to him or to a fortuitous event, or, as Article 2321 now provides, the plaintiff fails to establish that the injuries did not result from the injured person's provocation of the dog.

The owner of a building is liable for any "vice or defect" in the building which causes damages if "he knew or, in the exercise of reasonable care, should have known" of the condition. La.Civ.Code art. 2322. This court has held that "[t]he mere presence of dogs belonging to a tenant do[es] not constitute "vices and defects" of the leased premises so as to make the owner liable to others for injuries caused by the tenant's dogs." *Boettger v. Early Am. Ins. Co.*, 469 So.2d 495, 498 (La.App. 3 Cir. 1985). The Louisiana Fifth Circuit Court of Appeal has held that

the strict liability imputed to a dog owner under La.Civ.Code art. 2321 cannot be imputed to a non-owner, including a landlord. *Murillo v. Hernandez*, 00-1065 (La.App. 5 Cir. 10/31/00), 772 So.2d 868. The landlord could still be liable to the damaged party for negligence under La.Civ.Code arts. 2315 and 2316. *Id.* That court has held that to successfully make a claim against a landlord for damages caused by a tenant's dog, the plaintiff must show that the landlord had actual knowledge of the dog's vicious propensity. *Compagno v. Monson*, 580 So.2d 962 (La.App. 5 Cir. 1991).

In the instant case, there is no evidence to support a finding that Mr. Bernard had knowledge of any dogs on the property leased by Ms. Dixon, or that he knew of the animal's dangerous propensities. Ms. Coburn argues that certain evidence suggests Mr. Bernard should have known that there were dogs on the property. First, she point to a clause in the lease document which allowed Mr. Bernard to inspect the leased premises. There is no evidence in the record, though, to show that Mr. Bernard ever actually inspected the premises, or that he had a duty to inspect the premises. Second, she claims that at least four different Cottonport Police Department officers were called to the premises on eight to twelve separate occasions because of complaints about dogs barking or running loose. She argues that because Mr. Bernard owned a restaurant in Cottonport that these officers frequented, Mr. Bernard must have known that these officers had been called to property that he owned about these complaints. This is mere conjecture, unsupported by any facts in the record.

At the hearing on this matter, and again at oral argument, counsel for Ms. Coburn argued that a decision on the motion for summary judgment should be delayed until she has had the opportunity to take the deposition of Mr. Bernard. In

6

*Prime Income Asset Management, Inc. v. Tauzin*, 07-1380, pp. 13-14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06, this court held:

> The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01-3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id.*

In this case, the hearing on the motion for summary judgment was held fifteen months after the suit was originally filed, and eight weeks after the motion for summary judgment was filed. Ms. Coburn had ample opportunity to schedule the deposition of Mr. Bernard or move to continue the case. We find no abuse of discretion in the trial court's refusal to delay ruling on the motion for summary judgment.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of Mr. Bernard and American Surplus is affirmed. Costs of this appeal are assessed to Ms. Coburn.

**AFFIRMED.**